STATE SAVINGS BANK OF DETROIT *v.* FOSTER.

BANKS AND BANKING—WHO ARE DEPOSITORS—INDIVIDUAL LIA-
BILITY OF STOCKHOLDERS.

    A bank holding certificates of deposit issued by another bank, in
    which it has not actually deposited the moneys thereby repre-
    sented, but to which it has given credit for the amount on its
    own books, against which checks or drafts have been drawn, is
    not a depositor, within the provision of 3 How. Stat. § 3208*e*5,
    creating an individual liability of stockholders to depositors.
    MONTGOMERY, J., dissenting.

    Appeal from Ingham; Person, J. Submitted June 8,
1898. Decided October 3, 1898.

    Petition by the State Savings Bank of Detroit against
Seymour Foster, receiver of the People's Savings Bank of
Lansing, to compel the payment of a dividend. From an
order dismissing the petition, petitioner appeals. Af-
firmed.

    *Walker & Spalding*, for petitioner.

    *Russell C. Ostrander* (*Cahill & Ostrander*, of coun-
sel), for respondent.

    LONG, J. This petition was filed to compel the receiver
of the People's Savings Bank of Lansing to pay to the
petitioner 12½ per cent. dividend out of the moneys in his
hands as such receiver. It appears that the petitioner holds
two certificates of deposit issued to it by the People's Sav-
ings Bank,—one for $10,000, dated March 24, 1894; and
one for $5,000, dated June 3, 1896. These certificates are
in the usual form, each stating a deposit in the People's
Savings Bank by the petitioner of the amount of the cer-
tificate, payable to the order of the petitioner on the return
of the certificate, properly indorsed, with interest if left

for three months; no interest after a year from date, or for fractional parts of a month. These certificates, upon the insolvency of the People's Savings Bank, were duly proved as claims against it. An assessment having been ordered by the court upon the stockholders of the People's Savings Bank to pay depositors, this petition was filed, and claim made by petitioner that it was a depositor, and entitled to be protected as such, and to have its dividend declared the same as the other depositors.

The respondent, in answer to an order to show cause issued by the court below, after setting out the certificates of deposit in question, says, among other things:

"The moneys represented by the said certificates of deposit were not deposited in the People's Savings Bank by the petitioner at any time in the regular course of the business of said bank; nor were they ever deposited in the People's Savings Bank. The said moneys represent a sum borrowed by the People's Savings Bank of the State Savings Bank of Detroit, which sum was placed to the credit of the People's Savings Bank upon the books of the State Savings Bank of Detroit, against which credit so appearing upon said books the People's Savings Bank drew its checks or drafts as its business required."

Respondent further answers that he has declared no dividends as receiver of the People's Savings Bank excepting out of funds coming to his hands from stockholders of said bank in discharge of their individual liability as stockholders; that, when he was appointed receiver of the bank, he found from an examination of its books and papers that said bank had borrowed from time to time of other banks and bankers, and that other banks and bankers, including the petitioner in this case, had loaned to the People's Savings Bank, at its request, sums of money aggregating $96,000 and more; that in his application to the court for an order permitting this respondent to enforce the additional or statutory liability of stockholders, and in ascertaining or determining the sum of money necessary to be raised from stockholders to pay depositors, none of the banks or bankers from whom said

People's Savings Bank had so borrowed sums aggregating $96,000 or more were treated as depositors in said bank. Respondent further returns that the petitioner holds another certificate of deposit, not mentioned in said petition, dated July 10, 1896, for $8,000; and that, all the moneys put to the credit of the People's Savings Bank having been drawn against and exhausted, the People's Savings Bank continued to draw checks and drafts upon said petitioner bank, creating in said bank an overdraft, which amounted July 10, 1896, to about $8,000; and that to balance said overdraft, and to stand for it, and to take the place of the money borrowed and represented by it, said certificate of $8,000 was issued.

Respondent therefore says that he is advised that the provisions of section 3208e5, 3 How. Stat., by which stockholders of every bank are liable individually for the benefit of the depositors in said bank to the amount of their stock at the par value thereof in addition to said stock, were intended to afford security to, and the word "depositors" therein means, the class of persons who, in the regular course of business, deposit or leave in a bank temporarily, and for a period determined at their option, money; that said section was not intended to protect, and the word "depositors" therein does not mean, persons from whom a bank, upon its own application, borrows money, whether loans so made are evidenced by notes, certificates of deposit, or otherwise. Respondent further says that he is advised that the certificates mentioned in said petition no more represent deposits in said People's Savings Bank, within the meaning of the banking law of Michigan, than does the certificate of July 10, 1896; but that all of them represent money loaned by the petitioner to the People's Savings Bank in the regular course of the borrowing and lending of money.

On the coming in of this answer, the court below dismissed the petition, with costs in favor of respondent. Petitioner appeals from this order.

Section 3208e5 provides that—

"The stockholders of every bank shall be individually liable, equally and ratably, and not one for another, for the benefit of the depositors in said bank, to the amount of their stock at the par value thereof, in addition to the said stock.   *   *   *   Such liability may be enforced in a suit at law or in equity by any such bank in process of liquidation, or by any receiver or other officer succeeding to the legal rights of said bank." Section 46, Act No. 205, Pub. Acts 1887.

The above section forms part of the act entitled "An act to revise the laws authorizing the business of banking, and to establish a banking department for the supervision of such business." The act provides for two kinds of banks, to wit, commercial banks and savings banks; and the powers of each are fixed by the act, and each may receive deposits. It was the evident intent of the legislature that only those persons who should become depositors in the bank should have any claims upon stockholders under section 46, which makes stockholders liable to "depositors in said bank." The federal banking law now in force, which provides for banks of issue, makes stockholders liable for all engagements of the bank; and our own former banking laws, which provided for banks of issue, made stockholders liable for all such engagements; but it was only in case such banks were banks of issue that the stockholders were made so liable. Under the present banking system, the powers of banks are limited to the discounting of bills and notes, loaning money, and receiving deposits; and under this system the stockholders are liable only as provided in section 46 of the act,— that is, to the depositors.

Can this petitioner be treated as a "depositor," within the meaning of the act? We think there can be but one answer to this, under the facts appearing from the answer, which answer we must take as true. It must be conceded that a bank, as well as a private individual, may become a depositor in another bank. *Elmira Savings Bank* v. *Davis*, 73 Hun, 357. But from the answer in this case it appears that no part of the money represented by these

certificates ever went into the People's Savings Bank. Under the arrangement, the petitioning bank took these two certificates of deposit with the understanding that the People's Savings Bank might draw its drafts upon it to the amount represented by the certificates, and it would honor the drafts, or it may have credited the People's Savings Bank in account upon its books. The certificates were simply evidences of debt, and nothing more. It might as well have held the notes of the People's Savings Bank; the transaction would have been no different. The relation of debtor and creditor exists between the bank and every depositor therein; but the legislative intent undoubtedly was to secure to depositors, as such, a right to call upon the stockholders to the amount of the stock held by each for the payment of deposits. It was not the intent of the legislature to compel the stockholders to meet the ordinary debts of the bank. Bolles, in his work on Banks and Their Depositors, says (section 1):

"While it is difficult to make an accurate definition of a deposit which shall distinguish it from every other loan, yet there are many particulars by which it may be described. A very important part of the business of banking consists in receiving, keeping, and refunding the money of persons who are called 'depositors.' 'Originally, a deposit,' says Judge Learned, 'was a thing delivered to a person for gratuitous safe-keeping, and it remained the property of the owner. The word, however, is now used to designate a certain kind of loan; for money deposited in the ordinary way becomes the property of the bank or banker, and the deposit is a debt.' When we attempt to state what kind of loans are properly called 'deposits,' we find that to some extent the original meaning of the word colors its present meaning; for there is an idea in the mind that money on deposit is lying in the bank on hand, ready to meet the demand of the owner, and that it is kept there for convenience."

It is, however, evident in the present case that this money was borrowed to enable the People's Savings Bank to keep an account at Detroit. Each actual depositor is concerned that no fictitious depositor shall participate in a

fund to be created by an assessment upon shareholders. It is stated, and not disputed, that an assessment of 70 per cent. has been required to pay depositors, without taking into account upwards of $96,000 of like claims as this now presented.

It must be held, under the facts here shown, that the transaction between the petitioner and the People's Savings Bank was a loan by the petitioner, and not a deposit in the People's Savings Bank, within the meaning of the banking law.

The order of the court below must be affirmed, with costs in favor of respondent.

GRANT, C. J., concurred with LONG, J.

HOOKER, J. (*concurring*).    The statute limits the personal liability of stockholders to an amount equal to their stock.    Depositors are therefore liable to loss when the deposits exceed the amount of the capital stock of the bank.    The benefit of this personal liability of the stockholders is limited to depositors, and other creditors are excluded.    While a depositor is necessarily a creditor, and ordinarily the law will treat any one as a depositor whom the bank agrees to so treat by issuing its certificate of deposit, another bank which merely loans money to and is not a patron of the debtor bank, in the sense that the ordinary individual depositor is, has no right to the benefits reserved by the law to the ordinary or *bona fide* depositor.    I do not wish to be understood that a bank cannot become a depositor, within this law, in another bank, under some circumstances, but that in this case it has not.    I therefore concur in the opinion of my Brother LONG.

MOORE, J., concurred with HOOKER, J.

MONTGOMERY, J. (*dissenting*).    I can see no good reason for denying to the claimant the rights of a depositor.    It is conceded that a bank may become a depositor

in another bank. *Elmira Savings Bank* v. *Davis*, 73 Hun, 357. There can be no question in this case that the People's Bank attempted to confer upon the claimant the rights of a depositor. It issued the certificate of deposit in the usual form. The only possible distinction between this and the ordinary case of paying money over the coun- · ter of the bank, and receiving a certificate of deposit, is that in this case, instead of going through the form of paying the money into the People's Bank, the cashier of that bank was permitted to draw on the claimant to the amount of the certificate of deposit. The funds of the People's Bank were increased by the amount of the certificate of deposit. The money was available to meet its liabilities. The case, in my view, is not different than if a draft or check had been given, drawn upon a third bank, and treated as the equivalent of cash, and the certificate of deposit given for it. It is no answer to say that this was a loan of money. So is a deposit a loan. In case of a general deposit, the money becomes the property of the bank, and the bank merely the debtor to the depositor. 1 Morse, Banks, § 186; *Cate* v. *Patterson*, 25 Mich. 191; *Beardsley* v. *Webber*, 104 Mich. 88.

Counsel for the respondent make this suggestion as to the distinction between the case presented and the case of an actual deposit, within the meaning of the banking act. Sections 3208c3 and 3208c6, 3 How. Stat., provide for a certain reserve to be kept in commercial and savings banks, and therefore counsel say:

"Will it be seriously contended that for the money received from the State Savings Bank the People's Savings Bank was obliged, within the meaning of the statute, to maintain a cash reserve? Suppose the banking commissioner finds that in a given bank the cash reserve is deficient $20,000, reference being had to actual deposits. He orders this made good, and threatens, in case of default, to close the bank. The bank borrows of the petitioner $20,000, and issues its certificate of deposit therefor. If this $20,000 is to be held to be a deposit, the reserve is still short, because every dollar of increase of deposits re-

quires 15 cents increase of reserve; and it must therefore be held that the legal accompaniments of loans and deposits are not the same."

The case suggested by counsel illustrates, it seems to me, the danger of holding that this claimant is not a depositor. If it be held not a depositor, within the meaning of these sections, it follows that a bank might borrow of another bank the entire of its reserve, issue a certificate of deposit entitling the holder to demand immediate payment, and thus evade wholly the provisions of these two sections. It is very clear that it was not the purpose of the legislature to leave open such a possibility; and either we must hold that the word "depositor" is used in a different sense in the various sections of the statute, or we must sustain the contention of the claimant here. I see no reason for any such distinction, or for holding the contract to be anything different than the parties undertook to make.

I think the decree should be reversed, and a decree entered in favor of claimant.