### WEDEMEYER v. HINDELANG.

1. BANKS AND BANKING—WORDS AND PHRASES—SURPLUS—INSOLVENCY.
    The surplus of a bank, except as required by law, is a fund created and augmented for convenience and profit, and, like the capital, is payable out of the assets of the bank after the creditors have been paid in full.

2. SAME—STOCK AND STOCKHOLDERS.
    Stockholders are not creditors of the bank to a proportional share of the surplus.

3. SAME—STOCKHOLDERS—STATUTORY LIABILITY — STATUTES—RECEIVERS.
    Stockholders of a bank may not set off their interest in the surplus after its insolvency, to defeat or diminish their statutory liability for the benefit of creditors.   2 Comp. Laws, §§ 6102, 6135.

4. SAME.
    Such liability is not that of a surety.

5. SAME—INTEREST—STOCKHOLDERS' LIABILITY.
    Interest on the amount assessable upon stockholders for the
    benefit of the bank's creditors runs from the date of the order
    of the court determining the necessity for enforcing the lia-
    bility

Appeal from Washtenaw; Kinne, J.   Submitted April
15, 1910.   (Docket No. 124.)   Decided June 6, 1910.

Bill by William W. Wedemeyer, receiver of the Chel-
sea Savings Bank, against Victor D. Hindelang and
others to enforce the statutory liability of the stockholders
in said bank to the depositors.   From a decree for com-
plainant, defendants appeal.   Modified and affirmed.

*M. J. Cavanaugh* (*Arthur Brown* and *George J.
Burke*, of counsel), for complainant.

*Louis E. Howlett* (*John Kalmback*, of counsel), for
defendants.

It is provided (2 Comp. Laws, § 6135) with respect to
banks organized under the laws of this State:

"The stockholders of every bank shall be individually
liable, equally and ratably, and not one for another, for
the benefit of the depositors in said bank to the amount of
their stock at the par value thereof, in addition to the said
stock.   *   *   *"

It is also provided (section 6102) that:

"The board of directors of a bank may declare a divi-
dend of so much of the net profits of the bank, after pro-
viding for all expenses, losses, interest, and taxes accrued
or due from said bank, as they shall judge expedient; but
before any such dividend is declared not less than one-
tenth of the net profits of the bank for the preceding half
year, or for such period as is covered by the dividend,
shall be carried to a surplus fund until such surplus shall
amount to twenty per cent. of its capital stock."

The capital stock of the Chelsea Savings Bank, which

is a State bank, is $100,000. When the bank was closed for liquidation, it appeared to have a surplus fund of $95,000, besides several thousands of dollars of undivided profits. It owed regular depositors, commercial and savings, more than $1,000,000. Various dividends have been declared and paid out of the assets of the bank. The receiver of the bank on April 29, 1908, procured an order from the proper court requiring the stockholders of the bank to pay to him, for the benefit of depositors in the bank, an amount equal to the par value of the stock. The assets of the bank coming to the hands of the receiver will fall more than $100,000 short of paying depositors. He estimates that, on account of the insolvency of certain stockholders, the amount realized by enforcing the stockholders' statute liability will be very much less than $100,-000. To enforce the aforesaid order of the court, the receiver filed his bill in chancery against certain stockholders. Defendants answered, and in their answer contend that the stockholders are entitled to be considered as depositors to the amount of the surplus of the bank. The decree of the court below denied this contention, and required the stockholders to pay an amount, respectively, equal to the par value of the stock, with interest from December 2, 1907, which was the day the bank was closed by the banking commissioner. Certain defendants have appealed from the decree, and they present for determination the point which has been referred to, and, also, the one that the court erroneously fixed the date from which interest should be charged against them.

OSTRANDER, J. (*after stating the facts*). No authority has been presented, and we assume none can be found, sustaining the proposition that the assets of a bank, carried in its surplus fund, are in any sense deposits in the bank, or that the stockholders are, to the amount of said fund, depositors in the bank. Undoubtedly the surplus belongs to the stockholders; so does the capital, and, for that matter, so do the undivided profits. But would

it be contended that in liquidating the affairs of a bank the amount of the surplus is a debt due to stockholders to be proved and paid ratably with the claims of other creditors? Undoubtedly an actual surplus may be reduced by the division thereof and the payment of proportional shares to stockholders. But until such division is made and the amount divided is separated from the total of the assets and distributed to individuals, it is owned by the shareholders collectively and is by them collectively embarked just as the capital of the bank is embarked in the adventure of banking. Except as a surplus fund is required by the law, it is a fund created and augmented for convenience and profit, and, like the capital, is payable out of the assets of the bank after the creditors have been paid in full. Stockholders are not creditors of the bank to the amount of a proportional share of the surplus. They have not lent the money represented by the surplus to the bank.

There is no reasonable construction of the statute which supports the contention of the appellants. The meaning of the word " depositors," as it is employed in the statute, is a somewhat restricted one. *State Savings Bank* v. *Foster*, 118 Mich. 268 (76 N. W. 499, 42 L. R. A. 404). A surplus is not only required by the law to be created, it is recognized, after its creation, in the directions concerning the deposits which the bank may make (section 6116), and in the limitation of loans which may be made by the bank (section 6141), as a part of the working capital of the bank. The statute liability of a stockholder " for the benefit of the depositors in said bank " is not that of a surety. *Foster* v. *Row*, 120 Mich. 1 (79 N. W. 696, 77 Am. St. Rep. 565). It is created for the benefit of depositors only, and is in addition to the benefit to be derived by them from the ordinary assets of the bank. It cannot be presumed that this liability was created to protect the surplus, or that the word " depositors " is employed in the statute with other than its ordinary meaning in the busi-

ness of banking. The court below was right in so deciding.

The court was in error in requiring interest to be paid from the day when the bank was closed. Counsel for the receiver have not in the brief attempted to sustain the decree in this respect. The stockholders, with respect to the liability now asserted, were not in default when the bank was closed, and it is only upon the theory of a default in paying what was due and payable that interest may be exacted. Interest should be computed from the time when it was determined by the court that it was necessary to enforce the stockholders' liability.

The decree will be so modified as to require interest to be computed from April 29, 1908. In all other respects it is affirmed, with costs to complainant.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.