### CITIZENS BANK OF WAYNESBORO *v.* MOBLEY,
superintendent of banks, *et al.*

Citizens Bank transmitted $5000 to Bankers Trust Company, its financial agent, to be placed "on call" with another bank or other banks.   The Trust Company was also financial agent for a large number of banks, among which was Plains Bank.   The Trust Company deposited the $5000 in Fulton National Bank of Atlanta and to the credit of Plains Bank, and advised Citizens Bank, "covering call funds," that "we deposit $5000 with Plains [Bank], Ga."   Bankers Trust Company also advised Plains Bank, "covering call funds," that "we deposit $5000 with Fulton Nat. Bank.   From—Deposited $5000 by Citizens Bank, Waynesboro, Ga."   *Held:*   Under the facts of the case, the transaction was not a "deposit" with Plains Bank, as contemplated by the General Assembly in providing that shareholders in banks may be assessed for the payment of depositors.

No. 6185.   July 10, 1928.

Equitable petition.   Before Judge Humphries.   Fulton superior court.   June 24, 1927.

The petition of the Citizens Bank of Waynesboro against the superintendent of banks and the Plains Bank alleged that said Plains Bank had been taken over by the superintendent for liquidation; that petitioner had on deposit the sum of $4500 in the last-named bank when so taken over, a claim for which had been allowed; that the superintendent had collected assessments against stockholders and had distributed a large portion thereof to depositors, but had refused to allow petitioner to share therein, on the ground that petitioner's claim was not a deposit.   The prayers were for judgment for said sum, a decree entitling petitioner to share in said assessments, and injunction to prevent further distribution of said funds unless enough were reserved to pay petitioner's claim.   The defendants answered, setting up that the transaction was a loan, not a deposit.   There was a hearing before the chancellor

upon an agreed statement of facts, after which judgment was rendered in favor of the defendants, to which the petitioner excepted. The agreed statement of facts was as follows:

"The Bankers Trust Company undertook, as a part of the service rendered to banks for which it acted as financial agent, to place for them surplus funds on call with other banks belonging to the chain, and to secure for banks money on call when funds were needed. This practice had continued for many years. In May, 1926, the Citizens Bank of Waynesboro had some surplus funds on hand, and from time to time sent checks to Bankers Trust Company, covering these surplus funds, with direction to place the same on call with other banks. On or about May 14th, the Citizens Bank forwarded to Bankers Trust Company its check for $5000 to be so used. It received a letter of advice which is hereto attached, marked Exhibit A. On the same day the Bankers Trust Company deposited this $5000 check with Fulton National Bank, and forwarded to Plains Bank a letter of advice which is hereto attached, marked Exhibit B. No other communications were sent by the Bankers Trust Company to either bank with reference to this $5000 item, and there was no communication whatever between the Citizens Bank and the Plains Bank relative to the item. On receipt of the letter of advice the Plains Bank entered item on its ledger as 'call money.' A copy of the ledger sheet is hereto attached, marked Exhibit C. The Plains Bank at this time had call money from other banks which it had received in the same way through Bankers Trust Company. Each of these accounts was carried on a separate page of its ledger. The account was entered as call money on the ledger of the Citizens Bank in the same way, except that its ledger showed that the money was due to it by the Plains Bank. On the report of condition made to the superintendent of banks in obedience to his call on June 30, 1926, both banks showed the item under schedule 29, 'call money.' A copy of the schedule from the report of Plains Bank is hereto attached, marked Exhibit D, and a copy of the form on which the schedule appeared is also attached, marked Exhibit E. On the reports made by the examiners of the department of banking covering the examinations of both banks the account was shown as call money drawing interest at 6%. No note or other evidence of debt was executed by the Plains Bank, nor was any deposit ticket or pass book issued. The only evidence of the account was the letters

of advice sent to the two banks respectively and attached hereto as Exhibits A and B. In June, 1926, the cashier of the Citizens Bank came to Atlanta and requested the Bankers Trust Company to return the call money. The Bankers Trust Company called on the Plains Bank, and that bank sent its check for $5000, which was deposited along with other checks in the Fourth National Bank of Atlanta by the Bankers Trust Company, and letter of advice was mailed to Citizens Bank on June 17th, the original being attached, marked Exhibit F. On July 7th the Bankers Trust Company wrote the Plains Bank a letter, original of which is attached, marked Exhibit G. To this letter the Plains Bank replied, copy being attached, marked Exhibit H. The note referred to is attached, marked Exhibit I. This note reached the Citizens Bank after Bankers Trust Company and Plains Bank had closed, and was not accepted by that bank. After the closing of Plains Bank the Citizens Bank filed its proof of claim, describing the claim as 'call money, $4500.' The claim was accepted by the liquidating agent, who issued his certificate for the same, in which the claim is described in the same way, 'call money, $4500.' An assessment of 100% was levied by the superintendent of banks on the stockholders of Plains Bank, and out of the funds collected from this assessment a dividend of 35% has been declared and paid to the depositors. The Citizens Bank of Waynesboro and other banks having claims for call money against the Plains Bank did not share in this dividend. The Bankers Trust Company form letter, 'Letter of Advice Covering Call Funds,' is the same that had been in general use by the Trust Company for some time, and the typewritten wording is substantially the same as appears on other letters, names, *amounts, etc., differing* in each case."

The exhibits heretofore referred to were essentially as follows:

*Exhibit A.* Bankers Trust Company, 505 Haas-Howell Building, Atlanta, Ga.

No. 1712. May 15, 1926.

Citizens Bank, Waynesboro, Ga.

Letter of Advice Covering Call Funds.

We deposit $5000 with Plains, Ga.

From—Using your check $5000.

Yours very truly, .......... Treasurer.

*Exhibit B.*   Bankers Trust Company, 505 Haas-Howell Building, Atlanta, Ga.

No. 1713. May 15, 1926.

Plains Bank, Plains, Ga.

Letter of Advice Covering Call Funds.

We deposit $5000 with Fulton Nat. Bank.

From—Deposited $5000 by Citizens Bank, Waynesboro, Ga.

Yours very truly, . . . . . . . . . .Treasurer.

*Exhibit C.*   Call Money.   Citizens Bank of Waynesboro, Ga. 7-16-27.   $5000.

*Exhibit D.*   Plains Bank, Plains, Ga.   Examiners Report May 20, 1926.   Call Money Due

| Name of Bank | Interest | Amount Due |
|---|---|---|
| Palatka Bank & Trust Co., Miami, Fla. | 6% | $4000. |
| First State Bank, Hialeah, Fla. | " | 1000. |
| Citizens Bank of Waynesboro | " | 5000. |
| Habersham Bank, Clarkesville, Ga. | " | 1000. |
| Bank of Alapaha | " | 2500. |
| | | $13,500. |

*Exhibit E.*   Examiners Report, Department of Banking, State of Georgia, Atlanta.

(Name of Examiner) . . . . . . . . . .

Showing Condition of:   (Name of Bank) . . . . . . . . . (Location) . . . . . . . . . . .

At Close of Business . . . . . . . . . .192. . .

(President) . . . . . . . . . .:                     (Cashier) . . . . . . . . . .

Resources-Amounts-Totals-Liabilities                     Amount-Total

   4.   Due to Banks in this State

   5.   Due to Banks in other States

   6.   Call Money due Banks in this State

   7.   Call Money due Banks in other States

   8.   Checking Deposits

  12.   Certificates of Dep. due less than 30 days

  13.   Savings Deposits due on Demand

  14.   Certificates of Dep. due after 30 days

  15.   Savings Deposits

  16.   Bills Payable

Schedule 30—Call Money.   Indicate whether due from or due to.

To whom due or from whom due  Location  Rate  Amount of int.

*Exhibit F.*  Bankers Trust Company, 505 Haas-Howell Building, Atlanta, Ga.                                    No.........

Citizens Bank of Waynesboro, Waynesboro, Georgia.

Letter of Advice Covering Call Funds.

We deposit $15000 Fourth National Bank of Atlanta.

From—Paid $500 by Plains Bank.

(Sundry other items are listed which together with the $500 aggregate $15,000.)

Yours very truly, .........Treasurer.

*Exhibit G.*  July 7, 1926.  Plains Bank, Plains, Ga.

Dear Sirs:  You are due the Citizens Bank, Waynesboro, Ga., $5000 call money.  They are very anxious to get this converted into a note with collateral supporting same; and we would thank you to make out such note and send to us, due on October 15th, and we will deliver to them.

Yours very truly, Jno. D. Russell, Vice-President.

*Exhibit H.*  Plains Bank, Plains, Ga., July 8, 1926.

Bankers Trust Company, Atlanta, Georgia.

Gentlemen:  We have your letter of July 7th, in regard to Call Money due Citizens Bank of Waynesboro, Ga., amount $5000, stating that they wanted this matter converted into a note, due Oct. 15th.  I have made out a note for this amount, but we haven't any collateral to attach to same, for all the collateral we have is already pledged.  Kindly advise us as soon as this note is handled so we can make entries to that effect.

Yours very truly, Frank H. Greer, Cashier.

*Exhibit I* "was a note on the standard collateral form, payable to the Citizens Bank of Waynesboro, Georgia, dated July 8, 1926, due October 15, 1926, for the amount of $5000; the note, however, not describing or referring to any collateral as security for the same."

*Herman Heyman* and *Dorsey, Howell & Heyman,* for plaintiff.

*O. A. Park, C. N. Davie,* and *C. S. Reid,* for defendants.

GILBERT, J.  The sole question in this case is whether the Citizens Bank of Waynesboro, by reason of the facts set out in the above statement, was a "depositor" with Plains Bank, within the meaning of the act of the General Assembly dealing with assessments upon shareholders to pay "depositors," or whether the transaction

created the relation of borrower and lender in the ordinary sense. After providing for liability of shareholders to "creditors" for all debts of the bank, the banking law provides: "and said stockholders shall be further and additionally individually liable, equally and ratably (and not one for another) to depositors of such bank for all moneys deposited therein, in an amount equal to the face value of their respective shares of stock; it being the true intent and purpose of this section, that as to depositors for all moneys deposited with said bank, there shall be an individual liability upon each stockholder of such bank, over and beyond the par value of his or her original shares of stock equal in amount to the face value of said shares of stock." Ga. Laws 1919, p. 189, Park's Code, § 2279(a), Michie's Code, § 2366(139). The word "depositor" is defined in the Georgia banking law as follows: "The term 'depositor,' as used in this article, means any person who shall deposit money or commercial paper in any bank, either on open account, subject to check, or to be withdrawn otherwise than by check, whether interest is allowed thereon or not, and shall include holders of demand and time certificates of deposit lawfully issued." Ga. Laws 1919, p. 135, Park's Code, § 2262(b) ; *Bennett* v. *American Bank &c. Co.,* 162 *Ga.* 718 (5), 728 (134 S. E. 781) ; and see 1 Words & Phrases, 1301; 1 Bouvier L. D. 847. A "loan of money" is defined in 38 C. J. 126, as "A contract by which one delivers a sum of money to another and the latter agrees to return at a future time a sum equivalent to that which he borrows; the delivery by one party and the receipt by the other party of a given sum of money, upon an agreement, express or implied, to repay the sum loaned, with or without interest. If such is the intent of the parties, the transaction will be considered a loan without regard to its form." See also 7 C. J. 712, § 445. It is useless to endeavor to frame a rule by which a "deposit" may be differentiated in every case from a mere "loan" as applied to banking transactions, and it is wholly unnecessary in deciding the present case. All deposits are loans. "It is unquestionably true that under the authorities a deposit of money on general deposit in a bank is a *loan* to the bank by the depositor, and is not distinguishable by any clear mark from an ordinary loan of money by one man to another, payable on demand." *Spain* v. *Beach,* 52 *Ga.* 494, 498. In *Ricks* v. *Broyles,* 78 *Ga.* 610 (3 S. E. 772, 6 Am. St. R. 280), this court said: "The moment

the deposit was made, the credit of the banker was substituted for the money. Though in loose speech it would be said that this was done for safekeeping, in literal truth it was done, not to keep the money at all, but to part with it on the banker's credit—to make it cease to be the money of the receiver [court receiver making the deposit], and become the money of the banker, with the expectation of drawing from him [the banker] on demand at a future time other money to take its place in the coffers of the court. It was a loan by the receiver to the banker, made under the name and with all the incidents of a general deposit. The fund was transformed into a chose in action."

In Davis v. Elmira Savings Bank, 161 U. S. 275, 288 (16 Sup. Ct. 502, 40 L. ed. 700), it was said: "The deposit of money by a customer with his banker is one of loan, with a superadded obligation that the money is to be paid when demanded by a check." See also 3 R. C. L. 518, 521, n. 9. In Iowa the contrary was held. Elliott v. Capital &c. Bank, 128 Iowa, 275 (103 N. W. 777, 1 L. R. A. (N. S.) 1130, 111 Am. St. R. 198). Nor is it necessary to elaborate upon the different kinds of deposits. There are general deposits, special deposits, time deposits, savings deposits, etc.

Transactions between a customer and a bank, like all other contracts, must be determined according to the intention of the parties. Civil Code (1910), §§ 4223, 4266; 3 R. C. L. 517. And where the contract is ambiguous, evidence is of course admissible to determine what was the true intention of the parties; and where there is a conflict, the issue becomes one for a jury. In determining such questions, the general course of dealing becomes material. In transactions between banks and individuals or other banks, the word "deposit" must be restricted in its meaning to the sense in which it is ordinarily used in such business. In the course of the ordinary banking business, a "deposit" means placing of money, checks, and the like with a bank. When that is done the bank receiving such funds is a depository and the fund is a deposit. A "deposit" is or is not, according to agreement, subject to check on the bank with which it was actually placed, and may or may not bear interest, and may be or may not be payable on demand. The issuance of a pass-book is not conclusive evidence, but is material on the question whether the transaction is simply that of borrower and lender in the ordinary sense or that of a deposit. The relation between debtor

and creditor is created in either case, whether the transaction is a deposit or a loan. *Lamar* v. *Taylor,* 141 *Ga.* 227 (6), 238 (80 S. E. 1085).

In the present case the money was "on call" or was described as "call money." The Plains Bank showed the transaction on its books as a "deposit . . on call." There is no legal difference between the phrase "on call" and the phrase "on demand." *Meador* v. *Dollar Savings Bank,* 56 *Ga.* 605 (3), 608; Bowman *v.* Mc-Chesney, 22 Grat. (Va.) 609; 6 Words & Phrases (1st ed.), 4970. Therefore the money placed "on call" was payable merely "on demand." In this the transaction does not differ from that of a general deposit. It is true that general deposits are usually paid on demand by checks; but while this is the usual course, there is no reason, as was said above, why it could not be done otherwise if the parties to the contract so agreed. In this case it does not appear from the record how the money placed to the credit of Plains Bank was to be paid, whether on check or in response to some other means of demanding or calling for the money.

Ascribing a purpose on the part of the General Assembly; in providing that shareholders of banks may be assessed for the purpose of paying depositors and failing to provide for assessment other than for unpaid subscriptions for the purpose of paying other creditors of the bank, it must be assumed that the word "depositor" was used to distinguish that relationship from other kinds of loans, loans in the sense as used in the ordinary banking business. The section of the banking act dealing with such assessments also refers to "all other creditors," and thus makes "depositors" a separate class of creditors. The Georgia banking act under which the parties in this case operated and to which they are subject enumerates designated powers delegated to banks, and also creates a State Banking Department presided over by the superintendent of banks. Certain duties are required of the superintendent, such as examination of State banks and the securing of reports from them. The record shows that certain forms for the reports were used, and this court assumes that all of the banks operating under the act were familiar with and understood such terms. The record shows that the superintendent required reports to be made under specific headings, some of which are set out under Exhibit E. No. 6 refers to "call money due banks in this State," and No. 7 to "call money

due banks in other States." Thus the State Banking Department appears to have recognized some distinction between "call money" and "deposits." Several classes of "deposits" are designated under headings 8, 12, 13, 14, and 15.

Plains Bank entered the transaction on its books, according to Exhibit C, as "Call Money, Citizens Bank of Waynesboro, $5000, 7-16-27," and the examiner's report of Plains Bank of May 20, 1926, Exhibit D, among other items under the heading "Call Money Due," contains the item, "Citizens Bank of Waynesboro, 6%, $5000." The Bankers Trust Company of Atlanta, financial agent for both the Citizens Bank and Plains Bank, wrote Citizens Bank, as shown in Exhibit F, with reference to the transaction, a "Letter of Advice Covering Call Funds," in which it was shown that Plains Bank had paid $500 of the amount advanced by Citizens Bank. Moreover, the record shows that the Bankers Trust Company, in a "Letter of Advice Covering Call Funds," Exhibit B, wrote Plains Bank: "We deposit $5000 with Fulton Nat. Bank. From—Deposited $5000 by Citizens Bank, Waynesboro, Ga." Thus it appears that the $5000 furnished by the Citizens Bank to the Bankers Trust Company to be placed on interest was actually deposited with Fulton National Bank and not with Plains Bank. When that was done the $5000 so deposited with Fulton National Bank in the usual course of business was held by Fulton National Bank as a deposit to the credit of and subject to the check of Plains Bank. It will be seen therefore that in this the transaction differs materially from the ordinary method of making a bank deposit. The usual method is for the depositor to place his funds in the bank with which he expects to maintain the relation of depositor and depository, and on which he expects to check, in case of a general deposit.

The precise question does not appear to have been decided in this State or elsewhere. Neither this court nor counsel in the case have been able to find a satisfactory definition of the phrase "call money." No authorities on the question have been found, except, as said above, "on call" has been held to mean "on demand." It is a matter of common information that "call money" and "call loans" are terms used in transactions between banks, especially in New York, Chicago, and other large cities, and brokers on the exchanges. These seem to be temporary loans for the purpose of handling transactions on the exchange. But such loans to brokers

are distinct from the transaction in this case, in that brokers are not in the general business of receiving deposits as is the case with banks. Clearly a "call loan" or "call money" made to or placed with an individual would not, in the absence of a stipulation or contract between the parties, be construed as a deposit, while such moneys left with a banking institution, a large part of whose business is receiving deposits, might be intended as a deposit.

What was the understanding of the Georgia Banking Department in receiving reports of bank examiners in which a distinction was drawn between "call money" and deposits? We can not escape the conclusion that the Banking Department and all the banks operating under the banking act of 1919 and its amendments understood in their dealings that money placed "on call," such as shown by the facts of this case, was not an ordinary deposit or a deposit falling within either of the classes named in such reports. We are also driven to the conclusion that the General Assembly, in providing for the assessment of shareholders to pay depositors, used the word "depositors" in a limited and restricted sense, and intended that such assessments should be used only for depositors in this sense. We also are of the opinion that when the Citizens Bank of Waynesboro sent its check for $5000 to its financial agent in Atlanta without specific instruction as to the particular bank in which the sum was to be placed, but merely transmitted it, leaving the agent free to place it when and where it would, and such agent did deposit the same in Fulton National Bank to the credit of Plains Bank, advising both Citizens Bank and Plains Bank of such act, the transaction was not one of "deposit" between Citizens Bank and Plains Bank, and did not fall within any one of the recognized classes of deposits known to the banking business. It certainly created, however, the relation of debtor and creditor. It was a mere loan. Just what is the exact character of such a loan it is unnecessary to decide in this case. It is necessary only to determine whether the transaction was a deposit. In this connection see State Savings Bank *v.* Foster, 118 Mich. 268 (76 N. W. 499, 42 L. R. A. 404) ; Wedemeyer *v.* Hindelang, 161 Mich. 600 (126 N. W. 708) ; Leaphart *v.* Commercial Bank, 45 S. C. 563 (23 S. E. 939, 55 Am. St. R. 800, 33 L. R. A. 700) ; In re Law's Est., 144 Pa. St. 499 (22 Atl. 831, 14 L. R. A. 103).

The case was submitted to the court on an agreed statement of

facts, and there appears no conflict. The decision of this court therefore can not be based upon a refusal to control a discretion or decision of the trial judge on disputed facts. The court did not err in holding that the transaction was not a "deposit," and in rendering a judgment for the defendant.

<em>Judgment affirmed. All the Justices concur.</em>