TOWN OF DOUGLASVILLE *v.* MOBLEY, superintendent
of banks, *et al.*

No. 6805.   September 17, 1929.

*J. R. Hutcheson* and *Astor Merritt,* for plaintiff.
*Orville A. Park* and *Carl N. Davie,* for defendants.

ATKINSON, J.   On February 6, 1928, the treasurer of the Town of Douglasville, having on hand certain funds, aggregating $26,-623.41, that had been collected by taxation and set apart as a sinking-fund more than six months prior to said date for retirement of municipal bonds that would not mature within one year, deposited such funds in the bank of the Douglasville Banking Company, of which institution the treasurer of the Town of Douglasville was cashier.  At the time of the deposit the said cashier issued, in the name of the bank, several certificates of deposit amounting in the aggregate to the whole of the sinking-fund.  All the certificates were alike, except in amount, one of which was as follows:

"Douglasville, Ga., Feb. 6th, 1928.  No. 4004.  $770.00

This certifies that Treasurer Town of Douglasville has deposited with Douglasville Banking Company seven hundred seventy dollars, payable to the order of himself or successor, in current

funds, on the return of this certificate properly endorsed, 12 months after date, with interest at rate of 5 per cent. per annum. Interest ceases at maturity. (Signed) G. T. McLarty, Cashier. "Countersigned: Dorris Walker."

On February 28, 1928, the possession of the bank was surrendered to the State Superintendent of Banks, for liquidation as an insolvent institution. The superintendent, in the administration of the affairs of the bank, classified the Town of Douglasville as a . general depositor. The Town of Douglasville by its chairman of finance committee made proof of its claim upon all the certificates of deposit, and in connection therewith filed those certicates with the superintendent of banks, and the claim was allowed. Assessments were made against stockholders upon their statutory liability to depositors, and funds were accumulated by the superintendent of banks from the collection of such assessments, and liquidation of other assets of the bank. From the funds so procured dividends were paid by the superintendent of banks to the general depositors, including the Town of Douglasville. Three of such dividends were paid, each being 10 per cent. upon the claim of the several depositors, and the Town of Douglasville received and receipted for the dividends issued upon its proof of claim, amounting in the aggregate to 30 per cent. of its said claim. After receipt of such dividends the Town of Douglasville filed another petition to the superintendent of banks, alleging that the original deposit of said sinking-fund was not in law a deposit and did not make the Town of Douglasville a depositor in the bank, but on the contrary it was an unauthorized loan by the treasurer of the sinking-fund of the town, which the bank received with notice of the character of the fund and of the want of authority to make the loan; that in these circumstances the contract was void, and no relation of debtor and creditor arose between the Town of Douglasville and the bank, nor did title to the sinking-fund pass to the bank; that the sinking-fund had been mingled with general funds of the bank, no separate account thereof having been kept; that in the circumstances the entire assets of the bank are impressed with a trust in favor of the Town of Douglasville, "on account of the unlawful placing" of the sinking-fund with the bank; and that the Town of Douglasville is entitled to have payment in full of the balance of the sinking-

fund from the assets of the Douglasville Banking Company, prior to payment of any additional funds to other creditors of the bank. The superintendent of banks disallowed this claim for priority, on the ground that the status of the Town of Douglasville was that of a common depositor. The Town of Douglasville then instituted an equitable action against the superintendent of banks, seeking to declare a trust in favor of the Town of Douglasville and a priority over general creditors, as indicated above, and to enjoin the superintendent from paying to depositors and creditors additional dividends from assets of the bank, other than those derived from "stock assessments," until the right of petitioner to have priority of payment above referred to can be heard and determined. At an interlocutory hearing the evidence relied on to show notice to the bank that the money placed on deposit was the "sinking-fund" of the municipality, and want of authority to make the deposit, was imputation to the bank of the knowledge of the cashier and testimony of the president of the bank as to statements made to him by the cashier *after the deposit had been made.* The pleadings and evidence being substantially as stated above, the judge refused an interlocutory injunction, and the plaintiff excepted.

Elaboration of the syllabus is not required.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*