## Bank of Dania v. Farmers and Traders Bank et al.

Atkinson, J. 1. If a corporation receives funds from a bank with direction to place them on call loan for the bank, and the corporation undertakes to place the funds on call loan, a fiduciary relation of principal and agent arises between the parties.

2. If an officer of such corporation, whose duty it is to place the loan, having knowledge of the source from which the fund came, the purpose to which it is to be applied, and the fiduciary relation between the parties, is also an officer of a contemplating borrowing bank with authority from such bank to borrow money for it, and actually handles a transaction in which the funds received by the first-named corporation are placed on call loan with the borrowing bank, the officer's knowledge of the source of the fund, the purpose to which it is to be applied, and the fiduciary relation between the corporation and the lending bank will be imputed to the borrowing bank. *Town of Douglasville* v. *Mobley,* 169 *Ga.* 53 (3) (149 S. E. 575).

3. If in consummation of the loan the officer places the fund on deposit in a correspondent bank to the credit of the borrowing bank, and the latter

bank draws it out in the regular course of business, the fund will not become a "deposit" in the borrowing bank, within the meaning of section 42 of article 19 of the banking act (Acts 1919, pp. 135, 209, 8 Park's Code Supp. 1922, § 2280(pp); Michie's Code 1926, § 2366 (188)), but will give rise to the relation of debtor and creditor between the borrowing bank and the lending bank. See *Citizens Bank of Waynesboro* v. *Mobley*, 166 *Ga.* 543 (144 S. E. 119).

4. If as a part of the transaction the negotiating officer issues to the borrowing bank a written statement, called a "letter of advice," that it is a debtor to the lending bank as for a call loan for the amount of the fund, and another statement of similar import to the lending bank, and upon such statements portions of the principal and interest are paid and received by the borrowing and lending banks respectively, a contractual relation of debtor and creditor arises between the banks, notwithstanding no formal written contract be entered into between them, and the negotiating officer may cause an entry of deposit to be made on the books of the borrowing bank for the amount of the loan, to the individual account of the agent corporation.

5. If the lending bank accepts from the agent corporation its time certificate for the amount of the debt of the borrowing bank, the borrowing bank not being a party thereto, such acceptance will not be a novation or operate to discharge the borrowing bank, especially where the certificate is not paid and is produced in court at the trial for cancellation.

6. The borrowing bank having been taken in possession by the State superintendent of banks on July 12, 1926, as an insolvent institution, the priority of the lending bank will rank as a contractual liability under subsection 5 of section 19 of the act of 1925 (Ga. L. 1925, pp. 119, 129; 12 Park's Code Supp. 1926, § 2268(s); Michie's Code 1926, § 2366(70)). *Citizens Bank of Waynesboro* v. *Mobley*, supra.

7. The trial judge, to whom the case was submitted upon an agreed statement of facts without a jury, erred in rendering judgment for the defendants.    *Judgment reversed. All the Justices concur.*

No. 7020.  FEBRUARY 11, 1930.  REHEARING DENIED FEBRUARY 22, 1930.

848

*Robert H. Jones Jr.,* and *Alfred C. Broom,* for plaintiff.  *Howell, Heyman & Bolding* and *Herman Heyman,* for persons at interest, not parties of record.

*Orville A. Park, C. N. Davie,* and *J. F. Kemp,* for defendants.