MOBLEY, superintendent of banks, *et al. v.* BANK OF MOUNT DORA.

HILL, J. This case falls within the principle ruled in *Citizens Bank of Waynesboro* v. *Mobley*, 163 *Ga.* 543, which was followed in *Bank of Dania* v. *Farmers & Traders Bank*, 169 *Ga.* 846 (151 S. E. 803).

(a) Accordingly, under the facts of the case as fully set forth in the statement of facts, the transaction was not a "deposit" with the Bank of Stockbridge, as contemplated by the General Assembly in providing that shareholders in banks may be assessed for the payment of depositors.

(b) The plaintiff is entitled to participate in the general assets of the Bank of Stockbridge, its claim ranking as a contractual liability under subsection 5 of section 19 of the act of 1925 (Ga. L. 1925, pp. 119, 129; 12 Park's Code Supp. 1926, § 2268(s); Michie's Code, § 2366(70); but the plaintiff is not entitled, in virtue of such claim, to participate in the distribution of any amounts .collected by assessment against the stockholders of the Bank of Stockbridge.

*Judgment reversed. All the Justices concur.*

No. 7222.    FEBRUARY 21, 1930.    REHEARING DENIED MARCH 1, 1930.

179

*Orville A. Park* and *Carl N. Davie,* for plaintiff in error.
*Hall, Grice & Bloch, Robert H. Jones Jr., Austin & Boykin,* and
*P. O. Holliday,* contra.