## UNION BANKING COMPANY et al v. CITY OF DOUGLAS.

ATKINSON, J. 1. The original petition as amended in this case is projected on the theory of illegal investment of sinking-funds set apart by the municipality to pay its bonded indebtedness, causing the bank purchasing with notice of the character of the funds to hold them as trustee for the city. A primary and controlling question on demurrer is as to sufficiency of the allegations to show a setting apart of sinking-funds by municipal action.

2. The act approved August 17, 1918 (Ga. L. 1918, p. 691), amending the charter of the City of Douglas, provided in section 2 that "the mayor and board of aldermen of the City of Douglas" are "empowered to establish by ordinance, at any time they see proper, a board of commissioners for its electric light and waterworks system now owned and operated by said City of Douglas, to be known as the 'Water and Light Commission.'" In section 3 it is provided that "said board of commissioners, when established, is hereby vested with full power and authority to maintain, extend, improve, modify, and operate the system of electric light and waterworks now owned and operated by said city, to establish, equip, maintain, modify, and improve the system of sewerage and drains in said city; to appoint a superintendent of said systems, to remove all employees of said systems; to purchase, rent, or lease real estate and apparatus and machinery and all other things necessary to properly and successfully operate said light and water system; to hold title to same for said city; to collect and disburse all moneys arising from the sale of

bonds for the extension of said systems; to receive and collect all light and water rents and all other revenues derived from said system; . . Said board shall elect a clerk and fix his compensation to be approved by the mayor and board of aldermen. . . The board of commissioners when established shall establish and maintain a sinking-fund for the purpose of retiring the bonded indebtedness of said light and water system, and said sewerage system." *Held:*

(a) The allegation of fact, considered in connection with the action of the Light and Water Commission, "Moved and seconded that $200.00 per month be applied to the sinking-fund," as applied to the item of $6904.50 of the plaintiff's demand, was insufficient to charge creation of a sinking-fund, the investment of which is restricted by the provisions of the act of 1910 (Ga. L. 1910, p. 100), which declares that the officer or officers of every municipal corporation in this State charged with the custody of funds as described below are required, "under the direction of the mayor and council of such municipal corporation, or a duly constituted and authorized committee of same, to invest, within six months from the collection of the same, all sums collected by such municipal corporation under the requirements of paragraph 2, article 7, section 7, of the constitution of 1877, for the purpose of payment of the principals of bonded indebtedness of such municipal corporation, and which are not actually payable on such principals within twelve months from the date of collection thereof, in valid outstanding bonds of such municipality, or of some other municipality in this State of equal or larger size which have been duly validated in accordance with law, or county bonds of this State which have been duly validated, or valid outstanding bonds of the State of Georgia or of the United States."

(b) The allegations of fact, as applied to the item of $504.25 of the plaintiff's demand, were insufficient, as against the general and special demurrers, to charge creation of a sinking-fund, the investment of which is restricted by the terms of the act of 1910 (Ga. L. 1910, p. 100), supra.

(c) The questions ruled upon in this and the preceding divisions were not raised or decided in the case of *Town of Douglasville* v. *Mobley,* 169 *Ga.* 53 (149 S. E. 575).

3. As a reversal of the judgment of the trial court must result from the rulings in the preceding divisions, no decision will be made on other assignments of error.     *Judgment reversed. All the Justices concur.*

No. 8596.     July 12, 1932.

*Kelley & Dickerson,* for plaintiffs in error.
*Sapp & Barnes* and *J. A. Roberts,* contra.