UNION BANKING COMPANY *et al. v.* CITY OF DOUGLAS.

No. 9280. September 14, 1933. Rehearing denied September 26, 1933.

*Kelley & Dickerson,* for plaintiff in error.

*J. A. Roberts* and *Sapp & Barnes,* contra.

Beck, P. J. 1. The facts of this case are sufficiently shown in the statement made when it was previously before this court. *Union Banking Co. v. Douglas,* 175 *Ga.* 82 (165 S. E. 54). Certain amendments were offered; but construing them in connection with the principles ruled in 175 *Ga.,* they do not take the case without the rule laid down, that "the allegations of fact, considered in connection with the action of the light and water commission, 'Moved and seconded that $200 per month be applied to the sinking-fund,' as applied to the item of $6904.50 of the plaintiff's demand, was insufficient to charge creation of a sinking-fund, the investment of which is restricted by the provisions of the act of 1910 (Ga. L. 1910, p. 100)." The sections of the charter and of the ordinances set forth in the amendment do show the creation of a light and water commission, their functions, their powers, and their duty to create a sinking-fund, and the resolution of the light and water commission looking to the creation of that fund. But in the record of the case when it was previously decided it appeared that action had been taken by the light and water commission at a meeting on February 22, 1928, when it was moved and seconded that $200 per month be applied to the sinking-fund, etc., as appears in the statement of facts in the former record. It was also charged, in the petition as it stood at the first hearing by the trial court, that when the bank received the funds it issued the certificates of deposit with notice of the fact that such funds had been set aside as a sinking-fund. In view of the record as it stood at the first hearing, the ruling then made is applicable to the case after the amendments were added, and is controlling. This ruling is made in view of the resolution and ordinances of the city council, and in view of the resolution of the light and water commission, without deciding whether those resolutions, written

638

up and entered without notice to parties at interest, after the date of their adoption and after the first trial of this case, could be considered.

2. What is said above is controlling both with reference to the item of $504.25, as well as to the larger amount of $6904.50.

3. It follows that the court erred in overruling the general demurrer to the petition.

*Judgment reversed.   All the Justices concur.*