22632. SOUTHLAND TIMBER CORPORATION et al.
v. STATE BANK & TRUST COMPANY.

ARGUED SEPTEMBER 15, 1964—DECIDED OCTOBER 8, 1964.

*Hull, Willingham, Towill & Norman, Walter Reiser*, for plaintiffs in error.

*Cumming, Nixon, Eve, Waller & Capers*, contra.

QUILLIAN, Justice. The instant case involves a question of

priority of liens between the intervenors Southland and Cherokee and the plaintiff State Bank. Both the intervenors' claims arose out of their contentions that their title to, or lien, was superior to that of State Bank or a portion of the lumber included in the inventory contained in Southeastern's lumber yard in Richmond County, Georgia, which was subject to State Bank's deed to secure debt. We find no merit in such contention.

Since the basis of the intervention was that certain lumber in Southeastern's yard was the sole property of the intervenors and not that of Southeastern, a fact requisite to the intervenors' cause is that such lumber actually came into Southeastern's yard. Their contention presupposes the fact that lumber in which Southland and Cherokee claimed an interest was taken into Southeastern's yard in Richmond County, Georgia, and was there mingled with the other lumber contained in the inventory. However, there is no evidence to support such an assumption. Instead the stipulation of fact to which all the parties agreed recites: (1) "The timber of both intervenors had been harvested and made into lumber at a place other than Southeastern's yard in Richmond County, Georgia, prior to the appointment of the receiver." (2) "Neither the receiver nor State Bank & Trust Company nor Southland nor Cherokee is able to say whether or not all or any part of the lumber made from the saw timber, which had been cut by Southeastern pursuant to the contracts with Southland and Cherokee, were included in the inventory found on Southeastern's lumber yard. Southeastern had, prior to the receivership, exclusive possession of the logs and lumber covered by the described contracts with Southland and Cherokee."

Without some evidence that any of the lumber contained in the inventory might be that in which the intervenors claim an interest, *Code* § 37-302, upon which counsel for the intervenors relies, would not be applicable. "To follow trust funds, it must be possible to identify them, to show that they have gone into the property sought to be subjected." *Vason v. Bell,* 53 Ga. 416, 425 (4) ; *Ober &c. Co. v. Cochran,* 118 Ga. 396, 399 (45 SE 382, 98 ASR 118) ; *Town of Douglasville v. Mobley,* 169 Ga. 53 (4) (149 SE 575).

The trial judge did not err in denying the prayers of the intervenors.

*Judgment affirmed. All the Justices concur.*