In the Matter of Loomes WHEELER, Jr., Bankrupt.

AMERICAN EXPRESS COMPANY, Plaintiff,

v.

Loomes WHEELER, Jr., Defendant.

Bankruptcy No. B78–2950A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

April 6, 1981.

Karen Fagin White and Macey & Zusmann, Thomas P. Stamps, Atlanta, Ga., for plaintiff.

Tom Pye, Pye, Groover & Dailey, Atlanta, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter came before the Court on February 4, 1981 for a trial on a complaint to determine the dischargeability of a debt pursuant to § 17(a) of the Bankruptcy Act, 11 U.S.C. § 35 (repealed eff. October 1, 1979). At the conclusion of the trial, the matter was taken under advisement. The following constitutes findings of fact and conclusions of law as required by Rule 52(a), Federal Rules of Civil Procedure as applied to this Court by Rule 752, Rules of Bankruptcy Procedure.

## FINDINGS OF FACT

1.

The defendant held the funds received from the sale of the plaintiff's money orders in trust for the plaintiff. Order of October 18, 1979.

2.

The defendant is indebted to the plaintiff in the principal sum of $14,775.54, plus interest, for sums collected by the defendant through sale of American Express money orders at Kwik Stop Food Store, a sole proprietorship of defendant.

3.

The "Trust Agreement and Appointment of Agent for Sale of American Express Money Orders" executed by the parties on or about April 6, 1978 required the defendant to segregate sums collected for the sale of American Express money orders from other funds. The defendant failed to segregate these funds.

4.

The defendant had a small floor safe on the premises of Kwik Stop Food Store and never obtained one of the keys necessary to operate it and did not use it. Rather, the defendant regularly stored cash receipts including American Express money order proceeds in a two-compartment sink covered by a tray of cigarettes.

5.

The defendant retained cash receipts for five days, August 28, 1978 through September 5, 1978, on the premises of Kwik Stop Food Store. On August 29, 1978 and August 31, 1978, the defendant made deposits at the Gwinnett Bank & Trust Company to the checking account of Kwik Stop Food Store totalling $5,992.10. The sum of $4,810.10 represented funds held in trust for the plaintiff.

6.

These trust funds were dissipated by the defendant without payment to the plaintiff and without adequate explanation of the dissipation.

7.

The defendant retained cash receipts on the premises of Kwik Stop Food Store for the period August 28, 1978 through September 5, 1978.

8.

On the evening of September 24, 1978, the premises of Kwik Stop Food Store were burglarized and all the cash was stolen.

9.

The defendant maintained all cash receipts, including receipts from the sale of the plaintiff's money orders, on the premises from September 5, 1978 through September 8, 1978 when the defendant suffered a robbery.

## CONCLUSIONS OF LAW

■ The plaintiff seeks in this matter to have a debt in the principal sum of $14,775.54 owed to it by the defendant declared nondischargeable pursuant to § 17(a) of the Bankruptcy Act (11 U.S.C. § 35, repealed

eff. October 1, 1979). In any proceeding of this nature, the burden of proof rests upon the party seeking to have the debt held nondischargeable. The Court finds that the plaintiff has carried its burden of proof.

The plaintiff contends that the sum of the deposits made into the checking account of Kwik Stop Food Store on August 29 and August 31, 1978 were impressed with a trust for the benefit of the plaintiff by virtue of the doctrine of commingling. See e. g. *Miller & Company v. Gibbs*, 161 Ga. 698, 132 S.E. 626 (1952). While this doctrine is the law in Georgia, it applies only once the cestui que trust has traced the trust fund into the commingled pool. *Southland Timber Corp. v. State Bank & Trust Company*, 220 Ga. 307, 138 S.E.2d 585 (1964). At the trial the plaintiff failed to demonstrate that trust funds in an amount equal to $5,992.10 went into the commingled account. The defendant showed evidence indicating that at least $1,812.00 of the amount deposited in this commingled fund was proceeds from the sale of other inventory. D–1. However, the defendant appeared to concede and this Court finds that the remainder of the funds deposited on August 29 and August 31, 1978 were proceeds from the sale of the plaintiff's money orders.

Therefore, the Court finds that these commingled funds were impressed with a trust for the benefit of the plaintiff in the amount of $4,180.10. Since the defendant was unable to adequately explain the failure to remit these funds to the plaintiff, the Court finds a nondischargeable liability under § 17(a)(4) of the Bankruptcy Act to the extent of $4,180.10. *In re Prochazka*, 3 BCD 354 (B.C.W.D.Wis.1977).

The plaintiff also contends that the balance of the debt due to it is a nondischargeable liability based on an alleged defalcation of fiduciary duty by the defendant in failing to properly maintain the funds in question in a secure place, by failing to provide adequate insurance protection for the trust funds, or by using the trust funds to purchase inventory. The plaintiff argues that the defendant committed a defalcation in his duty as trustee because he hid the cash proceeds from the sale of the plaintiff's money orders in a sink rather than in a safe. These funds were later stolen during a burglary and a robbery of the Kwik Stop Food Store. The plaintiff argues that hiding these funds in a sink was a defalcation because the insurance policy of the defendant covered only safe burglary.

The Court finds the failure of the defendant to insure adequately the trust funds to be a defalcation on the part of the agent. The trust agreement entered into between the plaintiff and the defendant expressly required in paragraph 8(b) as a duty of the defendant that:

"Agent shall cause Trust Funds to be insured at Agent's expense against losses from all insurable risks (including fire and extended risks, *robbery, burglary,* employee dishonesty and mysterious disappearance) or shall be liable to American Express for any uninsured loss of such Trust Funds." [emphasis added].

Here the defendant did not comply with its duty. The defendant did not provide insurance as required by the instrument establishing the trust. Therefore, the Court finds the balance of the sum due to the plaintiff to be nondischargeable in bankruptcy.