MORRIS *v.* McKEE.

1. A written agreement of which there are two copies, one signed by each of the two contracting parties therein, is binding upon both to the same extent as if there had been only one copy of the agreement and both had signed it.

2. Where two persons entered into a written contract, in which one acknowledges the receipt of a portion of the purchase money of a described lot of land, and agrees that upon the payment of a specified sum as the balance of the purchase money by a given date, he will make the other party a deed to the property, and the latter binds himself "to comply with the above contract by date named," these are mutual and dependent covenants, and the seller, upon offering to perform his portion of the same, may maintain an action against the purchaser for the stipulated balance of purchase money, without first conveying the property to him or putting him in possession.

3. This case differs essentially from that of *Reed* v. *Dougherty,* 94 *Ga.* 661, 20 S. E. Rep. 965. There the contract, if binding at all upon the proposed purchaser, contained no direct agreement on his part to pay the purchase money, but merely to execute and deliver notes for the same, secured by mortgage.

4. A contract purporting on its face to have been made in Floyd county, Georgia, and dated at "Rome, Ga.," which refers to a lot of land "in 4th ward of the city of Rome," manifestly deals with a lot in Rome, Georgia, and not one in Rome, Italy, or any other Rome.

July 29, 1895.

Action on contract. Before Judge Turnbull. City court of Floyd county. June term, 1894.

McKee sued Morris on the following contract:

"State of Georgia, Floyd county. Rome, Ga., April 12th, 1894.

"This agreement entered into this day, between L. D. McKee of the first part, and George B. Morris of the (2d) second part, witnesseth: that L. D. McKee has this received of George B. Morris one hundred and twenty-five dollars, the receipt is hereby acknowledged, being part payment of ($2,000) two thousand dollars, for house and lot in 4th ward of the city of Rome, known as my home place. And the said McKee agrees that, on payment of the remainder, eighteen hundred and seventy-five dollars, by the first day of May, 1894, that he will make the party of the second part a deed to the above described property. The party of the second part agrees and binds himself to comply with the above contract by date named, May 1, '94.

"Witness: Louis Harrold.    (Signed) Geo. B. Morris."

The declaration alleges, that Morris is indebted to McKee $1,875, besides interest from May 1, 1894, for the purchase of the house and lot mentioned in the contract, which he fails and refuses to pay; and that McKee is ready and willing, and has offered, to comply with the terms of said instrument, as required upon his part, and has demanded that Morris comply with his obligation to pay. Judgment is prayed for the $1,875 with interest. By amendment plaintiff alleges, that said written contract was in two copies, one signed by Morris and the other signed by McKee, Morris taking and holding the latter and McKee taking and holding the former; that Morris is in possession of the one signed by McKee; that both copies are exactly the same in words, as before set out; that McKee is able and offers to convey said property at any time, in compliance with said contract; and that Morris has refused on demand to pay the purchase money and to accept a conveyance of the property.

Defendant demurred to the declaration as amended, and the overruling of the demurrer is excepted to. The grounds of demurrer are, in brief: Want of a cause of action; want of mutuality, the contract sued on being signed alone by Morris; contract too indefinite and uncertain; insufficient description of the property; want of agreement by defendant to pay the sum named; and want of jurisdiction of the city court.

G. A. H. HARRIS and J. B. F. LUMPKIN, for plaintiff in error. DEAN & DEAN, *contra.*

ATKINSON, Justice.

1. It is not essential to the mutuality of a contract that a single evidence thereof be signed by both of the parties. If there be two copies of the instrument, each containing all the mutual obligations between the parties, and these separate instruments be signed the one by one of the parties and the other by the other of the parties to the contract, and they so signed be mutually interchanged between the parties, this is equivalent to a signing, either of both parties to both the instruments or both parties to one of the instruments. In other words, the obligation of the contract becomes complete, and the formal reduction of the agreement to writing is as well accomplished as if there had been only one instrument and that signed by each of the parties.

2. For the breach of a contract for the sale of land by the failure of the purchaser to pay the purchase price, an action may be maintained by the party selling, even though the purchaser had not entered into the possession of the land, nor actually received a deed thereto from the seller. The seller would not, of course, be permitted to retain the land and exact the purchase money; but if the purchaser declined to pay the purchase money at the time it fell due, it would be at the election of the seller, either to rescind the contract of sale, or to tender

to the purchaser a deed and bring an action for the purchase money. Such actions, like all others for the breach of a contract, are open to the defenses of failure of consideration, and the inability of the plaintiff himself to comply with his contract. But we know of no reason why, where two men solemnly agree in writing the one to buy and the other to sell at a given price, the latter may not, upon his offer to comply, compel a performance upon the part of the former. If it be shown that the seller had no title to convey, then he could not recover the purchase money; but if he were willing and able to comply, he would be entitled to maintain an action against the purchaser for the breach of his covenant to buy.

3. It has been suggested to us that the case of *Reed* v. *Dougherty*, 94 *Ga.* 661, s. c. 20 S. E. Rep. 965, announces a principle contrary to the doctrine herein expressed. A slight analysis of the two cases, however, will make the distinction clearly apparent. The difference is pointed out with sufficient certainty in the third head-note to this opinion, without the necessity of further elaboration here.

Let the judgment of the court below be     *Affirmed.*