## CABANISS *et al. v.* DALLAS LAND COMPANY.

HILL, J.    1. On December 17, 1912, suit was brought upon a promissory note dated June 11, 1912, and due four months after date. The defendant filed an answer in the nature of an equitable cross-petition alleging, among other things, as follows:    The defendant purchased six lots in the suburbs of Pensacola, Fla., three of them in his own name and for himself, and three of them in the name of the defendant's son. The defendant made a cash payment on account of the purchases, and gave his notes due at one, two, and three years after date, for the balance of the purchase-price of the lots bought in his own name; and the defendant's son gave notes for like amounts, and due at the same times, for the balance of the purchase-price of the lots purchased in his name. At the time when the first notes fell due, the defendant made a cash payment, and gave the note sued on in renewal of the balance due on the first two notes of himself and son. The president of the land company, who negotiated the sale with the defendant (the land being several hundred miles distant from the residence of the defendant, where the transaction took place), made fraudulent representations as to the value of the lots, as to the intention to advance the price of them, and as to having sold an adjacent lot to another person who intended to build a handsome residence. The defendant informed the president of the plaintiff company that he did not know which were the best lots in the subdivision of the tract of land which was being sold, and the president promised the defendant that he would pick out the best lots for the defendant, as the defendant was paying the best price. The defendant relied upon the president to do this, which he is informed such president did not do, but picked out for the defendant property that was far inferior in value to the best of the lots. The falsity of the statements made to the defendant only became known to him after the execution of the note sued on, "and respondent submits that he could not have discovered them by the exercise of reasonable diligence, because he was still in reliance upon the said false and fraudulent statements made by said [president] to him at the time of said purchase and sale, and that he had no opportunity to look at the property or to ascertain the facts, as he did not suspect anything wrong." The defendant (his son joining him in the answer in the nature of a cross-petition) prayed that the contract be canceled, offered to rescind the trade and to deliver up the bond for titles, and prayed that the plaintiff be decreed to deliver to the defendant and to his son all of the promissory notes given by them, and that the

defendant recover of the plaintiff (which was the vendor and payee of the note) the amount which had been paid on the purchase-price. On motion this answer in the nature of a cross-petition was dismissed. *Held*, that there was no error in such ruling.

(a) By the Civil Code (1910), § 4305, it is declared: "A contract may be rescinded at the instance of the party defrauded; but in order to the rescission he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." The answer in the nature of a cross-petition alleged that the falsity of the representations became known to him "after the execution of the note sued on in this case," but did not show at what time he acquired such knowledge, or that he ever restored or offered to restore to the plaintiff what he had received by virtue of the contract, or claimed a rescission thereof, except by offering in the answer to rescind the trade and to deliver up the bond for title. It did not appear when the defendant's son acquired knowledge of any fraudulent representations which had been made, or that he offered to rescind or to restore the status. For these reasons there was no error in striking the answer in the nature of a cross-petition. *Garner* v. *Butler*, ante, 441 (87 S. E. 471).

(b) The foregoing ruling renders it unnecessary to discuss the sufficiency of the allegations in regard to fraudulent representations or promises, or other grounds of objection to the answer in the nature of a cross-petition, which were argued by counsel for the defendant in error in their brief as being sufficient to sustain the judgment of the trial court.

2. The answer in the nature of a cross-petition having been stricken, there was no error in directing a verdict in favor of the plaintiff for the principal, interest, and attorney's fees, it having been admitted in the answer that notice of the intention to bring the suit had been given as required by the statute, in order to collect attorney's fees as specified in the note.

*Judgment affirmed. All the Justices concur, except Fish, C. J., abesnt.*

JANUARY 12, 1916.

Complaint. Before Judge Bell. Fulton superior court. July 8, 1914.

*W. R. Hammond*, for plaintiffs in error.

*Dorsey, Shelton & Dorsey*, contra.