## McIntosh *v.* Roane.

Gilbert, J.   T. M. McIntosh and M. P. Roane entered into a written agreement which included within its terms an exchange of real estate, Roane agreeing to convey to McIntosh a lot situated on Whitehall Street in the City of Atlanta, which was adequately described in the contract. McIntosh was to convey to Roane a lot described in the contract as "a vacant lot on the west side of South Pryor Street in Atlanta, Ga., said lot being between Trinity Ave. and Garnett Street, size 40x185 more or less to an alley in the rear." Upon the refusal of Roane to carry out the terms of the written instrument, McIntosh filed suit based thereon, praying for specific performance, and, in the event specific performance is impossible, then that the petitioner have judgment for damages. An amendment was allowed, subject to demurrer, setting out the written instrument in full, and also furnishing a more complete description of the vacant lot on South Pryor street between Trinity Avenue and Garnett Street; and alleging, that said lot was the only vacant lot on said street and block; that it was the only property in that block and on that street owned by petitioner; that the same "was well known to M. P. Roane at the time of the execution of the contract," describing the lot minutely by metes and bounds; and also amending the prayers to the effect that petitioner be decreed to convey to Roane, and that Roane be required to accept warranty title to the vacant lot on South Pryor Street, as fully described in the amendment. To the petition as amended the defendant interposed a demurrer on the ground that it set forth no cause of action against the defendant; because the description of the property contained in the written instrument is "too indefinite to satisfy the statute of frauds," and to that part of the amendment to the petition which undertakes to more completely describe the property. The court sustained the demurrer and dismissed the petition. The plaintiff excepted. *Held:*

1. "The description of land in a contract is sufficiently definite where the premises are so described as to indicate the grantor's intention to sell a particular lot of land. Where the contract indicates that a particular tract is intended to be conveyed, its practical identification can be proved by extrinsic evidence." *King* v. *Brice*, 145 *Ga.* 65 (88 S. E. 960). The written instrument agreed to by the parties contains a description sufficient to comply with this principle of law. The amendment to the petition, which is admitted to be true when considered on demurrer, shows

18

that the description of the lot as contained in the contract sufficiently identifies the lot of land in question; and if on the trial these allegations are supported by proof, there would be no difficulty in locating the property. Compare *Singleton* v. *Close*, 130 *Ga.* 716, 723, 724 (61 S. E. 722). It was error, therefore, to dismiss the petition on general demurrer. *Judgment reversed. All the Justices concur.*

No. 789. July 10, 1918. Rehearing denied August 15, 1918.

Action for specific performance. Before Judge Bell. Fulton superior court. November 29, 1917.

*C. L. Pettigrew* and *S. G. McLendon,* for plaintiff.

*Walter S. Dillon,* for defendant.