## ROANE v. McINTOSH.

1. Under the former rulings by this court in the present case (148 *Ga.* 273; 149 *Ga.* 666), the trial court did not err in overruling the demurrer on the ground of insufficiency of description of the land referred to in the contract of which specific performance was sought. The former decision having fixed the law of the case, the request to overrule it is denied.

2. The court did not err in overruling the other grounds of demurrer. The petition set forth a cause of action.

No. 2303. JUNE 16, 1921.

Specific performance. Before Judge Bell. Fulton superior court. October 28, 1920.

*J. W. Mason, W. S. Dillon,* and *Colquitt & Conyers,* for plaintiff in error.

*S. G. McLendon* and *C. L. Pettigrew,* contra.

GILBERT, J. The case has been previously before this court, on exceptions to a judgment of the trial court sustaining a general demurrer and dismissing the petition. *McIntosh* v. *Roane,* 148 *Ga.* 273 (96 S. E. 387). The case was again before us on exceptions to a judgment overruling a general demurrer to a petition to reinstate the case after a judgment of nonsuit. This judgment was also reversed. *Roane* v. *McIntosh,* 149 *Ga.* 666 (102 S. E. 129). Subsequently to the last decision McIntosh again brought suit for specific performance on the same contract, the allegations being substantially the same as in the original petition after amendment. To this petition general and special demurrers were interposed, all of which were overruled, and the defendant, Roane, excepted. The chief insistence of the plaintiff in error is upon that ground of the demurrer challenging the sufficiency of the description in the contract of the land to be conveyed by Roane, and averring that no cause of action is set forth in the petition.

1. The decision of this court when the case was before us heretofore was that " the description of the lot as contained in the contract sufficiently identifies the lot of land in question; and if on the trial these allegations are supported by proof, there will be no

difficulty in locating the property.　Compare *Singleton* v. *Close,* 130 *Ga.* 716, 723, 724 (61 S. E. 722).　It was error, therefore, to dismiss the petition on general demurrer."　This is the law of the case, the present case being a renewal of the former action and based upon the same state of facts.　The court did not err, therefore, in overruling the demurrer on the ground of insufficiency of the description of the land.　The former decision of this court having fixed the law of this case, the request to review the former decision is denied.　*Bank of Commerce* v. *N. Y. Life Ins. Co.,* 131 *Ga.* 312 (62 S. E. 179).

2. We have carefully considered the remaining grounds of the demurrer, and are of the opinion that the court did not err in overruling them.　We do not deem them of such character and importance as to require discussion or a statement of the same in detail.　The petition set out a cause of action.

*Judgment affirmed. All the Justices concur.*