### 14029.　JOHNSON *v.* COFFEY.

Although no bond for title to the defendant was given as required by the contract for the sale of the land for which the purchase-money note sued on was given, and he had not been put in possession of the land, the undisputed evidence showed that before the suit was brought the plaintiff (the vendor) offered to make such a bond to him; and under this and the other facts of the case the plaintiff was entitled to recover. The case is controlled in principle by the decision in *Morris v. McKee,* 96 *Ga.* 611, 613 (2) (24 S. E. 142).

DECIDED JANUARY 11, 1923. REHEARING DENIED FEBRUARY 20, 1923.

Complaint; from Murray superior court — Judge Tarver. September 25, 1922.

Application for certiorari was denied by the Supreme Court.

*J. Roy McGinty, Jesse M. Sellers,* for plaintiff.

*Maddox, McCamy & Shumate,* for defendant.

BROYLES, C. J. 1. This was a suit upon a promissory note

given, under a written contract, for a part of the purchase-price of certain land. The contract provided that the seller was to give the purchaser a bond for title to the land. The defendant (the purchaser of the land) pleaded that the plaintiff was not entitled to recover, because he had not given the bond for title as required by the contract, and because the defendant had not been given possession of the land. The evidence showed that the defendant had not been put in possession of the land, and it failed to show that he had been given a bond for title to the land, but the undisputed evidence did show that before the suit was brought the plaintiff had offered to make the defendant such a bond. We think that under these and the other facts of the case the plaintiff was entitled to recover. As was said by Justice Atkinson, speaking for the court, in *Morris* v. *McKee,* 96 *Ga.* 611 (2), 613· (24 S. E. 142) : " For the breach of a contract for the sale of land by the failure of the purchaser to pay the purchase-price, an action may be maintained by the party selling, even though the purchaser had not entered into the possession of the land, nor actually received a deed thereto from the seller. The seller would not, of course, be permitted to retain the land and exact the purchase-money; but if the purchaser declined to pay the purchase-money at the time it fell due, it would be at the election of the seller either to rescind the contract of sale or to tender to the purchaser a deed and bring an action for the purchase-money. Such actions, like all others for the breach of a contract, are open to the defenses of failure of consideration and the inability of the plaintiff himself to comply with his contract. But we know of no reason why, where two men solemnly agree in writing the one to buy and the other to sell at a given price, the latter may not, upon his *offer* to comply, compel a performance upon the part of the former. If it be shown that the seller had no title to convey, then he could not recover the purchase-money; but if he were willing and able to comply, he would be entitled to maintain an action against the purchaser for the breach of his covenant to buy." (Italics ours.) We think that the principle of law enunciated in the above decision is controlling in the instant case, and that the court erred in directing a verdict in favor of the defendant, and thereafter in overruling the plaintiff's motion for a new trial.

2. The above ruling being controlling in the case, it is considered unnecessary to pass upon the other assignments of error.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*