18649. CRIM *v.* SOUTHERN REALTY & TRUST CORPORATION.

JENKINS, P. J. 1. Where two persons enter into a written contract whereby one agrees to sell, and the other agrees to buy, a described tract of land, and the contract remains wholly executory, in that the agreed purchaser has never been put in possession or taken a conveyance, and where the contract of purchase and sale does not contain a promise on the part of the vendee to pay the purchase-price, in the event either of such contracting parties refuses to comply the other is limited to a right to proceed either by an equitable action for specific performance, or by an action at law for damages for breach of the contract; and in such a case the vendor can not maintain an action at law against the vendee for the purchase-price, even though he may have tendered a conveyance. *Reed* v. *Dougherty,* 94 *Ga.* 661 (20 S. E. 965). Where, however, as here, the executory contract of purchase and sale does contain a promise upon the part of the vendee to pay the purchase-money, the vendor may maintain his action therefor at law, but in so doing, in order to ripen and make absolute the obligation of the vendee, he must first, as a condition precedent to the institution of the action, offer performance upon his own part in accordance with the terms of the contract. *Morris* v. *McKee,* 96 *Ga.* 611 (24 S. E. 142).; *Johnson* v. *Coffey,* 29 *Ga. App.* 407 (116 S. E. 125); *Stanaland* v. *Chastain,* 36 *Ga. App.* 581 (137 S. E. 409).

2. In the instant suit for the purchase-price of land, based on an executory contract of purchase and sale, the vendor failed to show such a tender of performance on his part as would give effect to the obligation of the vendee to pay the purchase-money, since the only prior offer of performance on the part of the vendor consisted of a tender of a deed to the vendee and another person jointly. Consequently the evidence does not authorize the verdict in favor of the plaintiff for the purchase-money, and the judge of the superior court erred in overruling the certiorari. This ruling being controlling, the other questions raised by the record are not dealt with.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED AUGUST 30, 1928.

*Key, McClelland & McClelland,* for plaintiff in error.
*Paul S. Etheridge,* contra.