## MENDEL *v.* DOBBS.

No. 6422.   December 12, 1928.   Rehearing denied February 1, 1929.

*A. S. Grove* and *H. C. Peeples,* for plaintiff in error.
*McElreath & Scott,* contra.

HILL, J. The petition in this case, set out in substance in the foregoing statement of facts, contains concisely the allegations of the plaintiff for specific performance. The demurrer is quite lengthy, and sets out a large number of special grounds which it is unnecessary to deal with specifically. We will therefore consider the questions which are controlling in the case, and which are raised by the petition as amended and the demurrer. One ground of demurrer was that the property was not described with sufficient particularity; that the loan which the purchaser was to assume was not definitely or sufficiently described, it not being shown who was the holder of the loan, the date, the maturity, or the original amount of the loan; that the deferred payments to be made by the purchaser were not sufficiently and definitely described, in that it was not shown that the alleged notes covering the deferred payments were to bear interest from date or maturity; that the taxes and interest referred to were not definitely alleged, and were subject to future calculation; that the deposit of $500 to be made by the purchaser was not made. This demurrer was overruled except as to two special grounds with reference to the description of the property to be conveyed and the loan to be assumed. The court granted the plaintiff leave to amend in these particulars; and within the time allowed he did amend his petition, by setting out a fuller description of the property and a more complete description of the loan to be assumed, and by alleging that from April 2, 1927, to May 1, 1927, was a reasonable time for examination of title to the property; that it was contemplated by the parties to the contract when it was executed that such examination would be made and the trade closed before May 1, 1927, and that the interest, insurance, and taxes were to be prorated as of May 1, 1927. We are of the opinion that the description in the petition as amended was sufficient. The location of the property as

being on the west side of Springdale Road, and the number of the lot and the block in which it was located, was described as the lot between Ponce de Leon and the By-Way, and as being "lot No. 11 of block 3 of Druid Hills;" the dimensions of the lot were also alleged; and it was further identified by describing the building located thereon, and by the street number of the house, etc. In *McIntosh* v. *Roane*, 148 *Ga.* 273 (96 S. E. 387), the description was of "a vacant lot on the west side of South Pryor Street, in Atlanta, Georgia, said lot being between Trinity Avenue and Garnett Street, size 40x185, more or less, to an alley in the rear." In that case, as in this, the action was to compel specific performance; and the description of the property was held in that case to be sufficiently definite where the contract indicated that a particular tract of land was to be conveyed and its particular identification could be proved by extrinsic evidence; citing *King* v. *Brice*, 145 *Ga.* 65 (88 S. E. 960). In the *McIntosh* case it was also held that an amendment which set out a more particular description of the property was allowable. The description in the instant case is more definite than that in the *McIntosh* case.

As to the sufficiency of the loan to be assumed, the contract in this respect reads: "Assume loan now outstanding against said property, payable about March 23, 1931, 5-1/2 per cent. interest semi-annually, and principal reduction 5 per cent. annually, $11,-875.00." In *Trust Co.* v. *Neal*, 161 *Ga.* 965 (132 S. E. 385), the contract was, "and assumption of loan $8,500;" and it was held that that description was too indefinite to be the basis of specific performance. But in the instant case it will be observed that the particular loan is definitely referred to in the contract as "the loan now outstanding against said property;" and furthermore the date of the maturity of the loan, the rate of interest which the loan bears, the time of the payment of interest, and the amount of the annual reduction of the debt, and the outstanding amount of the loan, are all set out. So we think that the language refers to a definite and specific loan; and the amendment setting out a more definite description of the loan was properly allowed. See *Muller* v. *Cooper*, 165 *Ga.* 439 (3) (141 S. E. 300), where the language of the contract and loan was not as definite as in the instant case, and where a majority of the court held that the language was sufficient to support an action for specific performance.

As to the contention that the date on which the prorating of interest and taxes should be made was not definitely fixed, we are of the opinion that this contention is without merit. It will be seen that the contract provided that all interest, insurance, and taxes should be prorated "as of the date of closing." Possession of the house was to be given by May 1, 1927; and it was also provided that a reasonable time should be allowed for the examination of the title by the purchaser. It is true that the exact date when the examination of the title should be concluded was not, and necessarily could not have been, fixed at the time of the execution of the contract, but was a matter that could be determined by the diligence of the purchaser in examining the title within a reasonable time, and such time was evidently intended to be not later than May 1, 1927. In the foregoing view we think that the contract was sufficiently definite in all respects to be the basis of an action for specific performance; and we therefore reach the conclusion that the court did not err in allowing the amendment to the plaintiff's petition and in overruling the demurrers to the petition as amended.     *Judgment affirmed.   All the Justices concur.*