19628. RELIANCE REALTY CO. INC. *v.* MITCHELL *et al.*

DECIDED FEBRUARY 15, 1930.  REHEARING DENIED MARCH 1, 1930.

*Herbert W. Wilson, Leon A. Wilson, Harry M. Wilson,* for plaintiff.

*E. O. Blalock,* for defendants.

BELL, J. (After stating the foregoing facts.) While it is true that if the writings sued on in the instant case should be treated as Florida contracts, the laws of Florida should govern in determining the validity and effect of the agreements, yet, since no law of that State has been pleaded, the contracts are to be interpreted by the applicable principles of law of force in this State. Civil Code (1910), § 8; *Massachusetts Benefit Life Assn.* v. *Robinson,* 104 *Ga.* 256 (8) (30 S. E. 918, 42 L. R. A. 261) ; *Bailey* v. *Devine,* 123 *Ga.*

653 (1) (51 S. E. 603, 107 Am. St. R. 153) ; *Post* v. *Atlantic Coast Line R. Co.,* 138 *Ga.* 763 (5) (76 S. E. 45) ; *Slaton* v. *Hall,* 168 *Ga.* 710 (148 S. E. 741).

The conclusion just stated will hold true irrespective of whether there exists a presumption that the common law is the prevailing law of the State of Florida. If this is not the presumption to be indulged (Florida not being of the territory of the original colonies), then it must be presumed that the applicable law of such foreign State is identical with the lex fori; and since Georgia is a common-law State, it follows that whether we apply the one or the other of these presumptions, we reach the same result; which is, that in the absence of anything to show what is the law of Florida, the contracts will be construed and enforced by the laws applicable thereto which are of force in the State of Georgia. See in this connection, Minor's Conflict of Laws, pp. 531, 533. We would apply the same law, of course, if the contracts were intended to be performed in the State of Georgia. In these circumstances it is unnecessary to determine in which of the two States the contracts were intended to be performed, or whether the laws of the one State rather than the laws of the other should be applied in the construction of the agreements.

In an executory contract for the purchase and sale of land, where it was agreed that the purchase-money should be paid in specified installments and that if the purchasers should "first make the payments" undertaken by them, the seller would convey and assure to them "in fee simple, clear of all incumbrances whatever, by a good and sufficient deed," the tract of land sold, the covenants of the purchasers as to paying the several installments of the purchase-money except as to the last one might have been independent of the seller's covenant with regard to making title, if they had been enforced as made ; but where the seller took no action to recover the several installments as they became due, and allowed all installments to mature before bringing suit therefor, and where in the suit then brought for the entire purchase-money it does not appear that the defendants had entered into possession of the land (although they might have done so under the contract), such respective covenants of the parties must then be construed as dependent, and the plaintiff seller, in order to recover the purchase-price, should offer performance upon its part in accordance with the terms of the

contract. The stipulation that the purchasers should "first make the payments" was evidently intended to have reference only to installments other than the last one; while as to such final installment the parties must have contemplated that the payment by the purchasers and the conveyance by the seller were to be performed dependently and concurrently. *Morris* v. *McKee, 96 Ga.* 611 (2.) (24 S. E. 142); *Chastain* v. *Platt,* 166 *Ga.* 307 (143 S. E. 378); *Brenard Mfg. Co.* v. *Kingston Supply Co.,* 22 *Ga. App.* 280 (95 S. E. 1028); *Crim* v. *Southern Realty & Trust Co.,* 38 *Ga. App.* 502 (144 S. E. 342); Beecher *v.* Conradt, 13 N. Y. (3 Kernan) 108 (64 Am. D. 535); Hogan *v.* Kyle, 7 Wash. 595 (38 A. S. R. 910); Smith *v.* Henry, 2 Eng. (Arkansas) 207 (44 Am. D. 540); Runkle *v.* Johnson, 30 Ill. 328 (83 Am. D. 191); Boone *v.* Templeman, 158 Cal. 290 (110 Pac. 947, 139 A. S. R. 126); Robinson *v.* Harbour, 42 Miss. 795 (97 Am. D. 501, 2 Am. R. 671); Bean *v.* Atwater, 4 Conn. 3 (10 Am. D. 91); Shinn *v.* Roberts, 1 Spencer (N. J.) 435 (43 Am. D. 636); Bank of Columbia *v.* Hagner, 1 Peters (U. S.) 455 (7 L. ed. 219); 27 R. C. L. 454.

In view of the special terms of the agreement under consideration, the above ruling is not inconsistent with the decision of the Supreme Court of the United States in the case of Loud *v.* Pomona Land & Water Co., 153 U. S. 564 (38 L. ed. 822), as explained in Michigan Home Colony Co. *v.* Tabor, 141 Fed. 332.

The plaintiff having contracted to convey and assure to the defendants, by a good and sufficient deed, the tract of land in fee simple, clear of all incumbrances whatever, an allegation in the petition that "petitioner is able and willing to make title to the defendants herein to the property contracted to be purchased by them on recovery of judgment and the satisfaction of the same by the defendants," was not an offer of performance by the plaintiff in accordance with the terms of the contract. Michigan Home Colony Co. *v.* Tabor, supra.

Since the allegations did not show such a tender as would "ripen and make absolute obligation" of the vendees (Crim *v.* Southern Realty & Trust Corp., supra) to pay the balance of the purchase-money, the petition failed to set forth a cause of action, and the general demurrer thereto was properly sustained.

The petition in the instant case did not allege a *refusal* to pay, as did the petition in Chastain *v.* Platt, supra; nor did it appear, as

in that case, that the defendants were in possession of the property. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

### ON MOTION FOR DIRECTION.

After this court had affirmed the judgment of the court below sustaining the demurrer and dismissing the petition, counsel for plaintiff in error filed in this court a motion that "the opinion of the Court of Appeals be so moulded that it direct" that a certain specific "amendment be allowed and filed in the court below, and when done . . that the general demurrer . . be overruled." The amendment which plaintiff in error would now make to the petition, and which is set forth in the motion, is as follows:

"1. Plaintiff now tenders in court a deed in fee simple to the land sold under the contracts in controversy clear of all incumbrances whatever.

"2. That demand for the payment of the balance of the purchase-price of the lands sold under said contracts has been made by the Reliance Realty Company Inc. on E. B. Mitchell and H. S. Redding, and said payment has been refused.

"3. That said E. B. Mitchell and H. S. Redding were in possession of the lands sold them under said contracts.

"4. That all conditions embraced in said contracts have been fully complied with and performed by the said Reliance Realty Company Inc."

"5. That the contracts sued on were made and to be performed in the State of Florida and are Florida contracts and governed by the laws of that State."

The motion gives no reason why this amendment, if proper, was not offered before the case was determined by the trial court, nor why the request for direction concerning it was not made earlier in this court. The demurrer challenged the sufficiency of the petition for the want of these or similar averments, and it is apparent from the briefs that in the court below the case was contested mainly upon these grounds. The same is true of the contentions as made in this court. Plaintiff in error elected to stand in the trial court and in this court upon the petition as amended, and made no suggestion of a willingness to allege the facts which this court and the trial court concluded were necessary to the cause of action; and which, if true, must have been within the plaintiff's knowledge at the time the original suit was brought. After taking this

chance, the plaintiff comes now, upon the rendition of a judgment of affirmance by this court, and seeks for the first time to amend the petition by adding allegations which presumptively could have been made as easily at one time as another, and apparently without any sort of prejudice to its rights. If the petition did not fully set forth the material facts, it merely stated a moot case, and did not present the real cause for determination. Shall a party call upon the courts to decide a moot case, and then, after receiving an adverse adjudication on appeal, request a further decision with regard to the real case under a different state of facts? There should be an end to litigation. If this court should grant the motion as now made, assuming that the amendment would be proper and would meet the grounds of demurrer, both the judgment of the court below and that of this court would be futile, the defendant would be robbed of all victory, and the case might as well not have been considered by either court upon the demurrer. The general rule is that motions of this kind will not be granted, and that they should be granted only in exceptional cases, and it would seem that one of the requirements of the general rule is that a request should be made before final judgment by the appellate court. No reason appears for making an exception in this case upon any ground, and it is unnecessary to discuss what may or what may not make an exceptional case. See *Atlanta Trust and Banking Co.* v. *Nelms,* 119 *Ga.* 630 (3) (46 S. E. 851).

In addition to what has been said, the motion asks that this court direct the court below to allow a specific amendment, and that "when done . . the general demurrer be overruled." To grant such a motion would necessarily require this court to pass, in the first instance, upon the sufficiency and propriety of the amendment, whereas the question of whether the amendment ought to be allowed should be passed upon first by the trial court. This is a court for the correction of errors, and a direction, if given, should ordinarily go no further than to provide for the offering of an amendment for consideration by the trial court. Under all the circumstances touching the motion under consideration, this court does not feel justified in directing the trial court to allow the specific amendment.

The appellate court will sometimes, even upon its own motion, give direction to the trial court as to a matter of this kind, but we

did not deem such action to be proper in the present case, and are still of that opinion. Examples of such voluntary action may be found in those cases wherein the reviewing court has taken a different view from that entertained by the trial court or by counsel for either of the parties, or has planted its rulings upon some construction, ground, or theory which was not, as in the instant case, the immediate subject of contention between the attorneys. In such cases it might be said that the ruling of the appellate court would afford cause for an inference of surprise or inadvertence, and make it proper to allow the losing party the privilege of offering an amendment to cure a defect which had not previously been pointed out, and was apparently not in the mind of the losing party or his counsel. Other examples, based upon different reasons, but equally meritorious might be suggested. This, however, was not a case of such character, nor does the plaintiff in error suggest any facts to invoke the discretion of this court upon the matter in question. Compare *Hefner* v. *Fulton Bag and Cotton Mills,* 39 *Ga. App.* 728 (148 S. E. 355).

Motion denied. *Jenkins, P. J., and Stephens, J., concur.*