20270.   KEATING *v.* WOODS-YOUNG COMPANY.

DECIDED SEPTEMBER 8, 1930.   REHEARING DENIED SEPTEMBER 29, 1930.

*E. W. Maynard,* for plaintiff in error.

*Jones, Jones, Johnston & Russell,* contra.

BELL, J. (After stating the foregoing facts.)

1. The defendant claims the right to rescind the contract because of the alleged breach by the seller of what the defendant contends were covenants to make certain improvements, alleging that the contract was intended to be performed in the State of

Florida and that under the laws of that state such covenants are dependent covenants, the breach of which will authorize a rescission by the purchaser. In our view of the case there is nothing to be decided touching the character of the alleged covenants, nor as to the right of rescission for a breach thereof. Whether it be true that under the Florida law the breach of a covenant to make improvements may be cause for a rescission of the contract by the purchaser, we can not agree that the contract here under consideration contained any promise on the part of the seller to do anything toward the making of improvements. The only reference to this subject is contained in the language, "The cost of the first installation of sidewalks, street paving and water mains shall be paid by vendor," and, prima facie, this is only a promise by the vendor to pay the "cost of the first installation" if and by whomsoever such improvements might at any time be made. Whether or not the quoted clause could be shown to have a different meaning, the answer alleges no facts to indicate any intention by the parties that the vendor should do anything except to pay the cost of such installation. Perhaps some municipality was expected to make the improvements and to assess the cost against the property, and in such contingency the seller was to protect the property or its owner against the burden of such assessment. The words, "Cost of the first installation," apparently mean the whole cost of making such improvements the first time, as distinguished from subsequent repairs or replacements.

Since it does not appear that the written agreement contained any covenant by the vendor to make improvements, the answer discloses no breach of covenant upon that subject and the claim for redress upon such ground must necessarily fail. Of course, in the absence of fraud the defendant could not go beyond the writing and rely upon a verbal agreement upon the part of the seller to make the improvements. Civil Code (1910), § 5788.

2. The defendant also attempted to allege fraud in various particulars, but as to this matter she is precluded by the following stipulation contained in the agreement: "The undersigned has read and understands the whole of the above contract, and now states and in consideration of the contract agrees that no representation, promise or agreement not expressed in this contract has been made to induce the undersigned to enter into it." While this

language would only estop the defendant from setting up fraud as a ground for abating the purchase-money, and would not prevent a rescission if duly asserted (*Barfield* v. *Farkas,* 40 *Ga. App.* 559 (5) 150 S. E. 600), the defendant pleaded no facts to establish the defense of rescission upon the ground of fraud. Where it is sought to rescind a contract upon such ground, the party defrauded must promptly upon discovery of the fraud restore or offer to restore to the opposite party everything of value he has received by virtue of such contract, whereas in the instant case the defendant shows nothing as to when the alleged fraud was discovered, or that she ever restored or offered to restore to the plaintiff what, if anything, she may have received by virtue of the contract, or that she claimed a rescission thereof at any time except by offering in her answer to rescind the trade and "to do anything and everything that is necessary to place this plaintiff or the said seller in the same position they were in at the time said contract was executed." The contract was executed on May 25, 1925, and the offer to rescind, as just quoted, was not made until November 4, 1929, when the defendant filed an amendment to the answer in response to a demurrer by the plaintiff. On the question of rescission, the case is controlled by the decisions of the Supreme Court in *Garner* v. *Butler,* 144 *Ga.* 441 (87 S. E. 471) ; *Cabaniss* v. *Dallas Land Co.,* 144 *Ga.* 511 (87 S. E. 653).

This is to treat the answer as disclosing an attempt to plead rescission for fraud, but as a matter of fact the more reasonable construction is that the right of rescission is claimed only for the breach of alleged covenants, since the only references to this subject are in paragraphs 6, 11, and 13, and in each instance the defendant speaks of rescission in such connection as to imply its assertion only because of such a breach. Upon this phase, nothing need be added to what is said in the first division, except to say that the writing contained no agreement or warranty that the property was located in a park. In sales of personalty words of description may import a warranty. *Americus Grocery Co.* v. *Brackett,* 119 *Ga.* 489 (1, 2) (46 S. E. 657). Whether the same may also be true in sales of realty, it is apparent in the instant case that the words, "Croissant Park," were intended only as the name of the section or subdivision in which the property was situated.

3. We will next consider the question of the plaintiff's right

to recover attorney's fees. The defendant contends that the recovery of such fees was illegal, first, because the contract contained no promise by the defendant to pay the same, and, second, because it does not appear that the plaintiff was entitled to recover such fees under the laws of the State of Florida. We disagree with the contention that the contract contains no obligation upon the part of the defendant to pay attorney's fees. There is mention of this subject in two clauses of the contract, and these are set forth in paragraphs 3 and 4 of the above statement. If we considered only the first of these clauses, we probably should conclude that the plaintiff could recover only such attorney's fees as it may have incurred, in doing for its protection what should have been done by the purchaser (cf. *Ten-Fifty Ponce de Leon Co.* v. *Citizens &c. Bank,* 170 *Ga.* 642 (4), 153 S. E. 751); but we think the other stipulation clearly provides for the payment of attorney's fees in relation to the defendant's entire indebtedness under the contract.

Although the defendant alleged that the contract was one to be performed in the State of Florida, and that "all covenants in said contract under the Florida [laws?] are dependent covenants and a breach of which gives either party a right to rescind said contract," she pleaded no law of the foreign state on the right to recover attorney's fees, and the question as to what is the Florida law as to this matter can be determined only by a resort to presumptions.

If, notwithstanding the fact that Florida is not of the territory of the original colonies, we should still presume that the common law is of force in that state, then the contract for attorney's fees appears to be legal, since there was no objection to such a contract at common law. *Merck* v. *American Freehold Land Mortgage Co.,* 79 *Ga.* 213 (3) (7 S. E. 265); *National Bank of Athens* v. *Danforth,* 80 *Ga.* 55 (8) (7 S. E. 546); *Demere* v. *Germania Bank,* 116 *Ga.* 317 (42 S. E. 488); *Oliver Typewriter Co.* v. *Fielder,* 7 *Ga. App.* 525 (67 S. E. 210). The Georgia statute upon the subject (Civil Code of 1910, § 4252) is not the origin of all right to recover attorney's fees in this State; that is to say, it does not give a right where none existed at common law; on the other hand, it merely restricted a right which the common law recognized. Compare Security Mortgage Co. *v.* Powers, 278 U. S. 149 (49 Sup. 84, 73 L. ed. 236).

If we may not presume that the common law is of force in

Florida, then the presumption is that the applicable law of that state is identical with the lex fori, and under this presumption the judgment for attorney's fees was authorized whether we apply the common law rule which formerly obtained in this State or the rule of the statute. See Minor's Conflict of Laws, 531, 533.

This conclusion is not in conflict with *Brooks* v. *Boyd*, 1 *Ga. App.* 65 (7) (57 S. E. 1093), since the plea in that case made an issue as to whether the fees were recoverable at all under the laws of the foreign state.

4, 5. From what has been said above none of the allegations of the answer were sufficient to set forth a defense unless there was substance in paragraphs 4 and 12. As to this the case is controlled by *Reliance Realty Co.* v. *Mitchell*, 41 *Ga. App.* 124 (2) (152 S. E. 295). The allegations in the petition that the seller "faithfully performed every obligation by said contract imposed upon it," and that the plaintiff assignee "now stands ready, able and willing to convey to said Miss Elizabeth Keating the property described in said contract in fee simple in accordance with the terms of said contract," were, in view of the petition as a whole, necessary to the statement of a cause of action, and the defendant's denial of these allegations was sufficient to put the plaintiff upon proof and, thus, to save the answer from dismissal on general demurrer.

If, in point of practice, it had been incumbent upon the defendant to allege affirmatively that the plaintiff was not ready, able and willing to convey the property in accordance with the contract, the special demurrer to the defendant's paragraph 12, upon the ground that it merely stated a conclusion, might perhaps have been well taken; but since the burden rested upon the plaintiff as to the matters referred to in this paragraph, and since the answer had sufficiently denied the plaintiff's averments in regard to the same matter, the court should not have stricken the allegations of paragraph 12 merely for a want of particularity. See, in this connection, *Western & Atlantic Railroad* v. *Reed*, 33 *Ga. App.* 396 (2) (126 S. E. 393), and especially the remarks on page 400.

Under the rulings in *Reliance Realty Co*. v. *Mitchell*, supra, the defendant's denial of the allegations of plaintiff's paragraph 4 was a sufficient statement of a defense, and it was therefore error to sustain the general demurrer and to strike the answer as a whole.

The court also erred in sustaining the special demurrer to the allegations of paragraph 12 of the answer. It is unnecessary to add anything to what is said in the opinion in Reliance Realty Company case. The decision in that case fully covers the question here under consideration and also distinguishes *Chastain* v. *Platt,* 166 Ga. 307 (143 S. E. 378), cited and relied on by defendant in error. Compare *Crim* v. *Southern Realty Cor.,* 38 *Ga. App.* 502 (144 S. E. 342).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*