## 21130. SUDDATH *v.* BLANCHARD & CALHOUN.

STEPHENS, J. 1. A note payable to a named payee, and not to "bearer," or to "order," is not a negotiable instrument; as a note payable to "Vineland, Inc., a corporation by and under the laws of Georgia." The

transferee of the note, even though he acquired it for value and before maturity, took it subject to all existing defenses which the maker may have had against the payee.

2. Where suit on a note given for the purchase-price of stock in a corporation to be afterwards formed was brought by the transferee of the note, a plea that the consideration of the defendant's subscription for the stock for which the note was given was the subscription for the entire issue of stock by solvent and responsible subscribers failed to show a failure of this consideration, where it was nowhere alleged that the entire stock had not been subscribed. Allegations that when the subscription for the stock was solicited, and before the subscription was made and the note given, the agents selling the stock represented to the defendant that all the stock had been subscribed for by solvent and responsible subscribers, except the stock sold to the defendant, and that these subscribers would abide by their subscription promises and take and pay for the stock, and that these representations were false, are not allegations that the entire stock of the corporation had never been subscribed for. If there was any obligation upon the plaintiffs, as the promoters of the corporation, to preserve the liability of the other subscribers for the stock, and if a release by the plaintiffs of the other subscribers from their subscription obligations was a violation of this obligation and relieved the defendant of liability upon his subscription, no such release is shown by the allegations that the promoters "voluntarily and without consideration" relieved a number of the other subscribers of their liability, and returned to them their unpaid notes. A note is no more than evidence of a debt, and a mere return of the note, without a valid contract, for a consideration, cancelling the obligation for which the note was given, does not amount to a cancellation or a release of the obligation.

3. The allegations in the plea are insufficient to show invalidity of the contract on account of fraud, or to what extent the defendant was damaged by the alleged fraud. The allegations are therefore insufficient to show any defense to the note by reason of fraud. *Keating* v. *Woods-Young Co.*, 42 *Ga. App.* 63 (2) (155 S. E. 206).

4. Since the defendant, who subscribed to the stock and executed the note therefor, was not an organizer of the corporation, the securities for which the subscription was made were within class D of the Georgia securities law. The plea set out a valid defense wherein it alleged that the plaintiffs, who were the promoters of the corporation, had failed to obtain a license to dispose of the stock as required under section 13 of the Georgia securities law. *Felton* v. *Highlands Hotel Co.*, 165 *Ga.* 598 (141 S. E. 793, 57 A. L. R. 987) ; Ga. L. 1920, p. 250; Ga. L. 1922, p. 156; Michie's Code, § 2928 (53, 54). The court erred in striking the plea and in entering a judgment for the plaintiffs.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 3, 1931.

*Oliver & Oliver,* for plaintiff in error.
*Connerat & Hunter,* contra.