21639. ARCHIBALD HARDWARE COMPANY *v.* GIFFORD.

BELL, J. 1. Where a note is payable in installments, a purchaser who acquires the note after a default as to one of such installments, which is shown by the instrument itself, is not a holder in due course, but takes the instrument with notice of its dishonor, and his right as a holder is subject to the equities between the original parties. *Beasley Hardware Co.* v. *Stevens*, 42 *Ga. App.* 114 (155 S. E. 67).

2. In a suit by an indorsee upon a promissory note payable in installments, where there was an issue as to whether the plaintiff acquired the note before or after a default which occurred on February 12, 1925, the testimony of a witness that he had represented the plaintiff company in acquiring the note and knew that it was purchased sometime between February 5 and February 8 of that year, did not demand a finding in the plaintiff's favor upon such issue, where the witness further testified that he purchased the note after the occurrence of other important transactions, which he fixed at a much later date. In view of this and other material inconsistencies in the testimony of this witness, his

credibility was a matter to be determined by the jury, and under his evidence alone the jury could have found that the plaintiff was not a holder in due course, notwithstanding the defendant had the onus of establishing this fact. *Continental Trust Co.* v. *Tennille Banking Co.*, 39 *Ga. App.* 163 (2) (146 S. E. 566), and cit.

3. In addition to the above, there was evidence to authorize the inference that the note was acquired by the plaintiff corporation through its president, who at the same time was an officer of the payee corporation and had knowledge of the equities existing between the original parties; and in these circumstances such knowledge will be imputed to the plaintiff holder. *Town of Douglasville* v. *Mobley*, 169 *Ga.* 53 (1 *b*) (149 S. E. 575) ; *Bank of Dania* v. *Farmers & Traders Bank*, 169 *Ga.* 846 (2) (151 S. E. 803) ; *Strickland Co.* v. *Union Banking Co.*, 42 *Ga. App.* 645 (3) (157 S. E. 115).

4. The defendant pleaded that the note sued on was given as part purchase-money for a tract of land in a subdivision, and that the payee had violated sundry covenants as to improvements, without which the property was worthless. This amounted to a plea of total failure of consideration as for a breach of mutual and dependent covenants, and the evidence was sufficient to sustain the plea. *Brenard Mfg. Co.* v. *Kingston Supply Co.*, 22 *Ga. App.* 280 (95 S. E. 1028) ; *Schmidt* v. *Mitchell*, 117 *Ga.* 6 (4) (43 S. E. 371). See also Civil Code (1910), § 4350.

5. The suit was for the entire balance of purchase-money, and another defense pleaded was that the plaintiff was unable to make an unencumbered title, according to the agreement of the payee. It appeared from the evidence that the property in question was situated in another State, and that the plaintiff and the payee were each nonresidents; and also that the defendant had never entered possession, and that possession had been resumed by the payee. It appeared from the testimony of the plaintiff's own witness, the president of the company, that the subdivision which included this lot was at one time heavily encumbered by a mortgage; and while the witness further testified that at the time of the trial only a "small part of the loan" was still unpaid, the amount of that part was not stated. The only evidence for the plaintiff as to its ability or willingness to make conveyance was the testimony of the same witness to the effect that when a "certain amount" on a lot was paid, it would be released from the mortgage, and that the plaintiff was "in position to deliver title to this property if the notes are paid." Otherwise, the plaintiff made no sort of offer to make conveyance. *Held:* It appearing that the covenant of the defendant to pay the purchase-money was dependent upon the covenant of the payee as to making title, it was necessary that the plaintiff should at least offer performance upon its part, in order to ripen and make absolute the obligation of the defendant upon which the plaintiff sued. *Morris* v. *McKee*, 96 *Ga.* 611 (2) (24 S. E. 142) ; *Taylor* v. *Fowler*, 155 *Ga.* 654 (2) (118 S. E. 212); *Chastain* v. *Platt*, 166 *Ga.* 307 (2) (143 S. E. 378) ; *Crim* v. *Southern Realty Corp.*, 38 *Ga. App.* 502 (144 S. E. 342) ; *Reliance Realty Co.* v. *Mitchell*, 41 *Ga. App.* 124 (2) (152 S. E. 295).

6. Since the plaintiff and the payee were each nonresidents, and since it was further true that possession was not in the defendant, but in the payee,

it was permissible for the defendant to resist the suit upon the ground of a defect in title, and the evidence authorized the inference that the property was encumbered by a mortgage in excess of the balance of the purchase-money. *Black* v. *Walker*, 98 *Ga.* 31 (26 S. E. 477).

7. Under the above rulings, the evidence authorized the verdict for the defendant, and there was no error in refusing a new trial based upon the general grounds only. It is unnecessary to determine whether the defenses of fraud and rescission were sustained by the evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 19, 1932.

*Winfield P. Jones,* for plaintiff.
*McElreath & Scott,* for defendant.