LOEWUS *v.* ESKRIDGE & DOWNING INCORPORATED;
*et vice versa.*

Nos. 8804, 8805.   AUGUST 15, 1932.

460

*Mitchell & Mitchell,* for plaintiff in error.

*Everett & Everett,* contra.

HILL, J. (After stating the facts.) The Civil Code of 1910 provides: "Specific performance of a contract (if within the power of the party) will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the non-performance." § 4633. The Civil Code further provides: "The vendor seeking specific performance must show an ability to comply substantially with his contract in every part, and as to all the property; but a want of title or other inability as to part will not be a good answer to the vendee seeking performance who is willing to accept title to the part, receiving compensation for the other. If the defects in the vendor's title be trifling, or comparatively small, equity will decree at his instance, granting compensation for such defect." § 4638. "If, for any cause, the specific performance is impossible, or the vendee declines to accept a performance in part, the court may proceed to assess damages for the breach of the contract." § 4639. And see *Boney* v. *Cheshire,* 147 *Ga.* 30 (92 S. E. 636). Damages may be asked for in a petition which contains a count for specific performance. *Armor* v. *Stubbs,* 150 *Ga.* 520 (104 S. E. 500). Or they may be set up by amendment. *Lane* v. *Lodge,* 139 *Ga.* 93, 99 (76 S. E. 874). The vendor has his election between specific performance and damages. In *Reed* v. *Dougherty,* 94 *Ga.* 661 (20 S. E. 965), it was held: "One who has made a contract for the sale and conveyance of land, the agreed purchaser never having entered into possession nor taken a conveyance, has his election of two remedies, if the contract be binding upon the other party. He may either proceed in an equitable action for specific performance, or bring an action at law for damages for breach of the contract." See *Morris* v. *McKee,* 96 *Ga.* 611 (24 S. E. 142) ; *Crim* v. *Southern Realty &c. Cor.,* 38 *Ga. App.* 502 (144 S. E. 342). In order to entitle one to recover damages in lieu of specific performance, the complainant must prove his right to the latter remedy. *Tippins* v. *Phillips,* 123 *Ga.* 415 (51 S. E. 410) ; *Prater* v. *Sears,* 77 *Ga.* 28. Specific performance and damages are not inconsistent remedies and may be pursued in the same action. *Boney* v. *Cheshire,* supra.

The trial court properly held that the petition was not subject to general demurrer. The case of *Muller* v. *Cooper,* 165 *Ga.* 439 (141 S. E. 300), was not a full-bench decision, but a majority of the court held that the provisions of the contract were not too vague and indefinite to be enforceable; and while the same question is raised by demurrer in the instant case, the petition was amended in order to meet the demurrer. See *Mendel* v. *Dobbs,* 167 *Ga.* 604 (146 S. E. 447); *Massell* v. *Hanbury,* 165 *Ga.* 534 (141 S. E. 653); *Jennings* v. *Williams,* 167 *Ga.* 615 (146 S. E. 452). In *Trust Co.* v. *Neal,* 161 *Ga.* 965 (132 S. E. 385), it was held by a majority of the court that the language in a contract of purchase, "assumption of loan $9500," was too indefinite to identify any particular loan. In this case the contract contains a promise that the purchaser shall assume the payment of a loan against the property "of $10,000, due March 1, 1936, with interest at 6% and 5% annual reduction, together with accrued interest thereon not yet due, and by assuming the pro rata part of the taxes for the year 1931, not yet due, calculated at the 1930 State and county tax rate on the $20,000 assessment for 1931 and the balance payable in cash when the deed is delivered." This is a sufficient description to identify the loan, and the court did not err in so holding as against the demurrer.

The court did not err in striking the prayer for a rule nisi.

*Judgment affirmed on both bills of exceptions. All the Justices concur.*