29721. HARDWARE MUTUAL CASUALTY COMPANY *v.* DOOLEY *et al.*

Decided October 20, 1942. Rehearing denied November 3, 1942.

*Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error.
*J. Wightman Bowden, John R. Strother,* contra.

BROYLES, C. J. (After stating the foregoing facts.)

1. The petition set out a cause of action for money had and received, and was not subject to general demurrer.

2. The defendants in their answer denied liability, and alleged that Dooley procured the execution of the settlement contract by fraud, in that he falsely represented to them that his injury was the result of a fall in the Bona Allen building, whereas it was caused by some other fall or other occurrence elsewhere, and that by such representation he deceived Dr. Barfield and obtained the settlement; that Dooley, after indorsing the check to Dr. Barfield, told the doctor that an operation on him was unnecessary and proposed that they divide the $175 between them, and that Dr. Barfield thereupon returned the check or the money to the insurance company. The defendants in their cross-bill denied that Dooley's injury was caused by a fall in the Bona Allen building, and alleged that by his false representations he had fraudulently procured from the casualty company the sum of $180 and asked for a judgment for that amount. Dooley filed a motion to strike every part of the answer and counterclaim

that sought to set up the defense of fraud, on the ground, among others, that it was apparent from the answer and cross-complaint that the defendant insurance company entered into a valid contract of accord and satisfaction with Dooley, which was fully executed, and that before the company could legally retain a part of the consideration of said contract and seek to recover the balance paid it was necessary that it act promptly to have the contract rescinded and set aside, and not having done so the company is now estopped to set up in its answer or in its counterclaim the defense of fraud in the procurement of the contract.

"A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code § 20-906. In *Williams* v. *Fouché*, 157 *Ga.* 227 (121 S. E. 217), the first headnote reads as follows: "One who seeks rescission of a contract on the ground of fraud must restore, or offer to restore, the consideration received thereunder, as a condition precedent to bringing the action; and a petition which fails to allege restoration or offer to restore before institution of the suit is demurrable." This principle applies to an answer or cross-bill where the defendant seeks rescission of a contract on the ground of fraud. *Cabaniss* v. *Dallas Land Co.,* 144 *Ga.* 511 (87 S. E. 653). However, counsel for the insurance company contend that the ruling should not apply to this case since the company did not receive anything of value from Dooley. We can not agree with this contention. Under the settlement contract Dooley signed away his valuable right to bring an action of damages for personal injuries against Bona Allen Inc. This right was valuable to Dooley, and the giving up of the right was of value to the insurance company which had issued a policy covering any legal liability of Bona Allen Inc. arising from the negligent operation of its office building.

In his order dismissing the answer and the cross-bill the judge said: "This defendant's answer and cross-bill are based entirely on alleged fraud. No tender is alleged either before filing cross-bill or in the cross-bill, and no reason is alleged why same was not made. With the numerous admissions of the defendant Hardware Mutual Casualty Company, there does not seem to be any

defense left if the issue of rescission and fraud is eliminated. Regardless of any contention as to the sufficiency of the allegations of fraud, the court is of the opinion that the answer and cross-bill should both be dismissed. It is therefore ordered: That the said motion of the plaintiff to dismiss the answer and cross-bill of the defendant Hardware Mutual Casualty Company be and the same is hereby sustained, and the same are hereby dismissed."

In our opinion the answer and counterclaim were properly stricken.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*