HICKMAN *v.* THE STATE.

BELL, Chief Justice. 1. The defendant was convicted of the offense of rape, the charge being that he did unlawfully have sexual intercourse with a named female child under the age of fourteen years, to whom he had not previously become lawfully married. His sole contention in this court is that there was no evidence that he and the child had not previously become married to each other. *Held:*

The evidence showing that the child .was under fourteen years of age as alleged, it necessarily followed that there could be no lawful marriage to her in this State; and, regardless of all question as to a shifting of the burden of proof, the evidence as a whole—including that as to the tender age of the female, the residence of both the accused and the female in this State, and other circumstances—was sufficient to authorize, even if it did not demand, a finding that they were never married to each other elsewhere. Code, §§ 26-1303, 26-1304, 53-102; *Southern Express Co.* v. *Hanaw,* 134 *Ga.* 445 (7) (67 S. E. 944, 137 Am. St. R. 227); *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 189 *Ga.* 807, 811 (7 S. E. 2d, 737); *Reliance Realty Co.* v. *Mitchell,* 41 *Ga. App.* 124 (152 S. E. 295).

2. The evidence authorized the verdict, and it was not error to refuse a new trial.

*Judgment affirmed. All the Justices concur, except Head, J., disqualified.*

No. 15241. OCTOBER 4, 1945.

806

*P. Q. Bryan,* for plaintiff in error.

*T. Grady Head, attorney-general, George R. Lilly, solicitor-general,* and *R. A. McGraw, assistant attorney-general,* contra.